**UNITED STATES of America,
Plaintiff,**

v.

**CITY OF GARLAND, TEXAS,
Defendant.**

No. Civ.A. 3:98–CV–0307–L.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 25, 2000.

Paul E. Coggins, Jr., U.S. Attorney, Katherine S. McGovern, Asst. U.S. Attorney, U.S. Attorney's Office, Dallas, TX, John M. Gadzichowski, Michael T. Kirkpatrick, Sharon A. Seeley, Sharyn A. Tejani, Benjamin J. Blustein, U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, Washington, DC, for Plaintiff.

Wayne S. Flick, Lisa Von Eschen, Catherine S. Bridge, Robert J. Schulze, Robert J. Malionek, Latham & Watkins, Los Angeles, CA, James R. Jordan, Jordan and Blanscet, Dallas, TX, Charles M. Hinton, Jr., City Atty., Brad Neighbor, First Asst. City Atty., William F. Glazer, Sr. Asst. City Atty., Ronald E. Jones, II, Asst. City Atty., City Attorney's Office, Garland, TX, for Defendant.

### MEMORANDUM OPINION
### AND ORDER

LINDSAY, District Judge.

Before the court is Defendant City of Garland's Objections to September 22, 2000 Revised Order of Referral for Mediation ("Defendant's Objections"), filed October 4, 2000. After careful consideration of the objections, response, and applicable law, the court overrules Defendant's objections.

### I. *Background*

On September 22, 2000, the United States Magistrate Judge issued a Revised Order of Referral for Mediation ("Order"). The Order specifically vacated and set aside the previous mediation order of July 28, 2000, and set November 16–17, 2000, as the dates for mediation. In addition to ordering the named parties and their attorneys to attend, the magistrate judge ordered, among other things, the Mayor of the City of Garland and a member of the Garland City Council to attend the media-

tion on behalf of the City of Garland. *See* Order at 1. Defendant City of Garland objects because it contends that (1) the magistrate judge lacks authority to order two City of Garland officials to personally attend the mediation, and (2) "[b]y requiring that the City send a committee of two elected officials with full settlement authority to the mediation, the Revised Order seems to require an unlawful act." *See* Defendant's Objections at 2.

## II. *Standard of Review*

A district court may modify or set aside a magistrate judge's ruling regarding non-dispositive pretrial motions only if the ruling is "clearly erroneous or contrary to law." *See* Fed. R. Civ P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A)("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law."); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995).

## III. *Analysis*

### A. The Magistrate Judge has the Authority to Require the Attendance of Two Council Members at Mediation

■ Defendant City of Garland contends that the magistrate judge lacks authority to order two city officials to personally attend the mediation.[1] The court disagrees.

Defendant City of Garland contends that the Order contemplates that a "two-person committee" of the Garland City Council will have authority to settle this case. The basis for this contention is that the Rules for Mediation ("Rules"), which are attached to the Order, state in bold and upper case letters that "**PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION SHALL BE PRESENT.**" Rules, ¶ 8. Defendant City of Garland further contends that the two officials do not have authority to settle the case because a decision to settle this case rests with the city attorney and the city council, which would ultimately ratify any settlement at a properly posted meeting with at least five affirmative votes of the Garland City Council. Defendant's Objections at 4.

Much has been stated by Defendant City of Garland regarding authority to settle. The court considers the "authority to settle" issue a red herring. The city attorney has authority to "represent the City of Garland in all litigation and controversies"; however, this grant of authority does not preclude the presence or participation of the mayor or a council member at mediation. The truth of the matter is that the city attorney cannot settle this case at mediation, and neither can the mayor and a council member. Final settlement authority rests with the Garland City Council, and only the *full* council can settle this case. If Defendant City of Garland's argument were carried to its logical conclusion, the entire Garland City Council, or at least a quorum, would have to be present at mediation. This is not contemplated by the Order or Rules, as it would be impractical, unduly burdensome, and unnecessary. Nothing in the charter of the City of Garland or Resolution No. 8408 ("Resolution") authorizes the city attorney to settle the case on behalf of the City of Garland. The Resolution directs him to continue to defend "the meritless lawsuit brought by

---

1. Plaintiff United States of America contends that Defendant City of Garland raises this issue and others for the first time in its objections to the district court and has therefore waived them. Plaintiff's Response at 2, citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert denied*, 513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995). While this is a correct statement of the law, the court does not have the record and is unable to determine whether this issue was presented or discussed before the magistrate judge and is therefore being raised for the first time at the district court stage. A procedural ruling would thus be inappropriate. Accordingly, the court will address the merits of Defendant City of Gatland's contention.

the Department of Justice and to take such actions in that regard as he may deem necessary." Resolution, § 4. Insofar as settling the case, all he can do is inform the parties at mediation that he will recommend to the *full* council that any tentative settlement reached at mediation be approved. This is all he can do. The *full* council may discuss the matter in closed session at a properly called meeting and vote or take final action on the matter only in open session as required under the Texas Open Meetings Act. *See* Tex. Gov't Code Ann. § 551.102 (Vernon 1994). The council can approve, reject, or modify the tentative settlement reached at mediation.

Defendant City of Garland relies on *In re Stone*, 986 F.2d 898, 902 (5th Cir.1993), to support its position that the magistrate judge cannot require the mayor and a council member to attend the mediation session. Reliance on *Stone* is misplaced, as it is clearly distinguishable from the present case. In any event, even if the facts are not distinguishable, the ruling of the magistrate judge is consistent with the criteria set forth in *Stone*.

In *Stone*, the Fifth Circuit considered a district court's standing order that a representative of each party—including the United States Government, even in routine civil cases—personally attend all settlement conferences in every case with full authority to settle. The standing order did not permit availability by telephone. The Fifth Circuit held that the district court abused its discretion in *routinely* requiring a representative of the government with ultimate settlement authority to be present at all pretrial or settlement conferences. *In re Stone*, 986 F.2d at 905. A clear distinction exists between *Stone* and this case. First, for the reasons previously stated, the mayor and a council member do not have ultimate settlement authority. Second, requiring two members of the council to be present creates less of a hardship than ordering the entire council or a quorum (five members) to attend the mediation. No person would

seriously argue otherwise. The requirement of *Stone* that the district court "give individualized attention to the hardship that the order will create" has thus been satisfied. *See id.*

This case is not the typical or routine case. Although this case was referred to the magistrate judge for pretrial management, the court is aware of the complexity of the case, the controversy surrounding the case, and the strong feelings held by the parties. It is not unusual for a court to require a member or members of a governmental body to attend and participate in a mediation under these circumstances, as such participation can enhance settlement prospects and obviate the need for a trial. In *City of Fort Worth, Texas v. City of Dallas, Texas*, No. 4:97–CV–939–A, (N.D.Tex. Jan. 20, 1998) ("Love Field Litigation"), Civil Action No. 4:97–CV–939–A, the court ordered the mayors of the cities of Dallas and Fort Worth and other representatives of the parties to attend a settlement conference. See Court's Amended Order of December 8, 1997 at 1, 2. Courts, at times, order elected officials to attend because, as members of the policy-making body, they can enhance and facilitate settlement prospects. This, of course, is not to say that all cases settle if an elected official attends and participates in mediation; however, speaking from observation and experience, the court knows that the presence of the mayor or a council member certainly can facilitate a settlement. In light of a possible two- or three-week trial, the significant resources expended by the parties thus far, and the uncertainty of the result, the court believes that a *good faith* attempt at mediation with the participation of the mayor and a council member is appropriate in this instance.

**B. The Revised Order does not Contemplate a Violation of the Texas Open Meetings Act.**

■ Defendant City of Garland contends that the Order requires the presence of a "two-person delegation" or "committee of two" at mediation with full authority to

negotiate and settle this lawsuit and that such arrangement would violate the Texas Open Meetings Act, Tex. Gov't Code Ann. § 551.001, *et seq.* (Vernon 1994 & Supp. 2000). The court finds that Defendant City of Garland's argument is without merit.

Defendant City of Garland relies on *Finlan v. City of Dallas,* 888 F.Supp. 779 (N.D.Tex.1995), to support its contention that the attendance of the mayor and a council member at the mediation would constitute a violation of the Texas Open Meetings Act. Reliance on *Finlan* is misplaced, as the facts in that case are not even remotely applicable to the factual situation in this case, and the court will not expend scarce judicial resources engaging in an esoteric or detailed analysis of the law, because none is warranted. The court only underscores the distinction between the cases. The issue in *Finlan* was the applicability of the Texas Open Meetings Act to meetings of an *ad hoc* committee of the City of Dallas and third parties for the purpose of negotiating, or attempting to negotiate, agreement(s) concerning the development and construction of a downtown sports arena in the City of Dallas. In this case, the issue is whether the attendance of two members of the Garland City Council violates the Texas Open Meetings Act. The court concludes that it does not.

Defendant City of Garland's argument that the attendance of the mayor and a council member at the mediation violates the Texas Open Meetings Act is fundamentally flawed. A meeting under the Texas Open Meetings Act means:

(A) a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or

(B) except as otherwise provided by this subdivision, a gathering:

(i) that is conducted by the governmental body or for which the governmental body is responsible;

(ii) at which a quorum of members of the governmental body is present;

(iii) that has been called by the governmental body; and

(iv) at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control. . . .

Tex. Gov't Code Ann. § 551.001(4) (Vernon 2000). Under either definition, the statute makes it unequivocally clear that a *quorum* of the governing body must be present. Defendant City of Garland specifically acknowledges that a quorum is necessary, as it states "[a] 'meeting' under TOMA occurs if a quorum of a governmental body comes together to (1) deliberate about a matter over which it has control, (2) deliberate and take formal action or (3) call and conduct any 'gathering' with a third person to discuss public business over which the body has control. *See* Tex. Gov't Code § 551.001(4)." Defendant's Objections at 8. A quorum of the Garland city Council is five members. Only two would attend the mediation, three short of a quorum. Simply put, if there is no quorum, there is no meeting, and Defendant City of Garland has conceded this point.

The plain, unequivocal language of the statute regarding the definition of "meeting" cannot be ignored, despite the tendency of some courts to expand and change the definition under the statute. The Texas Legislature has had numerous opportunities in the last 30 years to define "meeting" as something involving less than a quorum of the governmental body. It has chosen not to do so. That prerogative belongs exclusively to the Legislature, and a court has no business substituting its view or wisdom for that of the Legislature

on a matter that involves plain and unequivocal language.[2]

Attendance at a court-ordered mediation by two members of the Garland City Council is simply not a meeting under the Texas Open Meetings Act. Since there is no meeting, no violation of the Texas Open Meetings Act occurs, and all other provisions of the Texas Open Meetings Act relied on by Defendant City of Garland to assert alleged violations are thus inapplicable.

### C. Miscellaneous

#### 1. Criminal Prosecution

Defendant City of Garland contends that the Dallas County District Attorney could open an "investigation" into the participation of the Garland City Council in the mediation and that the two elected officials could be prosecuted. This fear is unfounded. As stated before, the attendance of two members of the Garland City Council at a court-ordered mediation does not constitute a meeting under the Texas Open Meetings Act. The court would indeed be shocked if any such investigation were initiated under these facts. In any event, if such prosecution were undertaken and is brought to the attention of the court, the parties are assured that the court will take steps to resolve it.

#### 2. Discovery Matters

Defendant City of Garland alludes to several discovery matters. Defendant's Objections at 12 n. 5. These matters are not before the court, and the court does not address them. The only matters before the court are Defendant's Objections that relate to the Revised Order of Referral for Mediation. If Defendant City of Garland is denied discovery by Plaintiff United States, it must first raise the matter with the magistrate judge and, if not satisfied with his ruling, appeal to the district court. Likewise, if the magistrate judge makes a discovery ruling unfavorable to the City of Garland, it may appeal to the district court.

### IV. *Conclusion*

In asserting its objections, the City of Garland has simply "overegged the pudding." The authority relied on by the City of Garland does not support its contention that the magistrate judge's ruling was clearly erroneous or contrary to law. For the reasons stated herein, the Revised Order of Referral for Mediation issued by the magistrate judge on September 22, 2000, is not clearly erroneous or contrary to law. Defendant's City of Garland's Objections to September 22, 2000, Revised Order of Referral for Mediation are hereby **overruled**. All relief requested by Defendant City of Garland is **denied**. Mediation shall take place in this case as ordered by the magistrate judge.

---

**2.** Members of a governmental body, however, may not conspire to meet in numbers less than a quorum for the purpose of secret deliberations in violation of the Texas Open Meetings Act. Such action would constitute a criminal offense. Tex. Gov't Code Ann. § 551.143 (Vernon 1994). Of course, that fact situation is not present here. The mayor and the council member are meeting in the context of a court-ordered mediation.