CITY OF AUSTIN, et al.[1], Appellants,

v.

Robin EVANS, Appellee.

No. 3–89–080–CV.

Court of Appeals of Texas, Austin.

July 11, 1990.

(other than a Council appointed officer or employee) was a party to the action. The City Attorney stated that his name had been "whited

Barney L. Knight, City Atty., J.D. Hooper, Supervising Atty., Austin, for City of Austin.

Gary T. MacInnis, Austin, for Robin Evans.

Before POWERS, JONES and EARL W. SMITH *, JJ.

EARL W. SMITH, Justice (Retired).

Robin Evans was an employee of the City of Austin in the office supply division of the general services department. He was terminated by James Hall, acting director of the department, following a pretermination hearing in which the Assistant Director of the department concurred with the recommendation of the Division Manager that Evans be dismissed for sexual harassment. In accordance with the City of Austin personnel policies, Evans filed a complaint with the City of Austin grievance committee, which recommended to the City Manager that the grievance be denied. The City Manager reviewed Evans's appeal of the decision of the grievance committee and held:

> I have decided to uphold the recommendation of the Grievance Committee, and therefore am denying your request for reinstatement.
>
> \*  \*  \*  \*  \*  \*
>
> In my review of your appeal, I found no basis for reversing the grievance committee recommendation to deny the appeal.

Evans filed suit in the district court of Travis County. His pleadings contended: he was wrongfully terminated; he received a hearing on his appeal before the grievance committee, which upheld his termination; prior to the hearing before the grievance committee, he demanded that the hearing be a public meeting pursuant to the Texas Open Meetings Act, Tex.Rev.Civ. Stat.Ann. art. 6252–17 (Supp.1990), which request was made again during the grievance hearing prior to the time that the committee adjourned to convene the meeting in private; he was denied a hearing

out" of the opening paragraph stating who plaintiff "complained of." His name, however, was left in the body of the petition as a defendant. Since the City Council, as governing body, is precluded by the charter from having any authority over hiring or discharging employees, as herein stated, the attorneys were urged to file supplemental briefs on the question of whether the City Manager should be the defendant, rather than the City Council.

The City Attorney has filed a supplemental brief. Evans has failed to do so. The City Attorney stated that the City Manager was never served, never filed an answer and never made an appearance. Such allegations are confirmed in that the trial court statement of facts names *only the City of Austin as defendant.*

Moreover, when the case was formally called, the court stated:

> I now call number 424,888, Robin Evans against the City of Austin.
>
> The Plaintiff, Mr. Evans, is represented by Mr. Gary T. MacInnis, the City of Austin is represented by Mr. J.D. Hooper.

No mention was made by the court, or plaintiff's attorney, of the City Manager. Appellant City of Austin's statements that the City Manager was not a party may be and are accepted by the court as correct, since they have not been challenged by Evans. Tex.R.App.P.Ann. 74(f) (Pamp.1990).

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003 (1988).

that complied with the requirements of the Open Meetings Act in that the committee repeatedly met in private sessions and he was denied the right to confront witnesses; that he appealed to the City Manager as provided by the personnel policies; and, the City Manager affirmed the decision of the grievance committee.

Evans asked the court to declare "that the termination or discharge of Plaintiff, Robin Evans, is cancelled, null, void, without force or effect, and held for naught." He sought reinstatement, back pay, benefits without loss of seniority or longevity, and attorney's fees. He asked that the decision of the committee be voided for failure to comply with the Open Meetings Act and that writ of mandamus issue to reinstate him.

Trial was before the court. Both the City of Austin and Evans assured the court that:

1. The issue as to whether Evans committed sexual harassment was not before the Court for decision;
2. The case was not an appeal from the decision of the City Manager "on the merits" (grounds for termination).
3. The case was not an administrative appeal.
4. The Administrative Procedure and Texas Register Act (APTRA), Tex. Rev.Civ.Stat.Ann. art. 6252–13a (Supp.1990), did not apply.

The court heard evidence, found that "the defendants violated the Open Meetings Act," and issued its final judgment:

It is ordered, adjudged, and decreed that the hearing before the City of Austin Grievance Committee is null, void, without force or effect, and held for naught. It is further ordered, adjudged, and decreed that Plaintiff is entitled to a new, full, fair and open hearing before the Grievance Committee.

It is further ordered, adjudged, and decreed that Plaintiff's prayer to be reinstated to his position as an employee of the defendant, City of Austin, nunc pro tunc the date of discharge, with all back pay and benefits, is denied, and Plaintiff shall take nothing by way of back pay and benefits.

The court awarded graduated attorney's fees of $1500, $2500 in the event of an appeal to the court of appeals, and an additional amount of $2500 in the event of an appeal to the supreme court.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court made the following findings:

1. Plaintiff Robin Evans was a full time employee of the City of Austin. He was not a temporary employee; he had successfully completed his probationary period and was classified as a regular employee. Personnel Policy VB(1) p. 7.
2. The parties have stipulated to the admission of the City Charter and the Personnel Policies of the City of Austin, and those documents are part of the record in this case.
3. Plaintiff Robin Evans was discharged from his employment at the City of Austin. He requested a hearing before the City Grievance Panel in a timely manner, and he complied with all conditions required by Personnel Policy.
4. There was a hearing before the City of Austin Grievance Panel. On several occasions the Grievance Panel went into executive session to deliberate on questions regarding Plaintiff Robin Evans. The Plaintiff Robin Evans and his attorney were excluded from the executive sessions which were held in secrecy.
5. Immediately prior to the secret executive sessions, the attorney for Plaintiff Robin Evans objected to the private deliberations and demanded that all deliberations be public. The Grievance panel denied this request and entered into private executive sessions on three occasions.
6. Plaintiff Robin Evans exhausted his administrative remedy. The Plaintiff appealed the decision of the Grievance Panel to the City Manager in a timely manner pursuant to the re-

quirements of the City of Austin Personnel Plan. The appeal to the City Manager was denied.

7. The decision of the Grievance Panel is not advisory. The Grievance Panel decision is final unless it is appealed to the City Manager. Personnel Policy VC(1)(d) p. 26. The decision of the Grievance Panel becomes final if it is not appealed within ten (10) days. Personnel Policy VC(1)(b)(4) p. 25.

8. The City Personnel Policy provides that an employee will only be discharged for cause. Personnel Policy IIIF(1) p. 10, VB(1) p. 23.

The court made the following conclusions:

Plaintiff Robin Evans was entitled to a hearing before the City of Austin Grievance Panel.

The Defendant's Grievance Panel violated the Open Meetings Act by deliberating in secrecy over the objection of Plaintiff.

The judgment of the court and the findings of fact and conclusions of law show that the sole basis of the court's judgment was his determination that the grievance committee violated the Open Meetings Act. We note that the court rejected the mandamus requested by Evans—in fact, he did not *order* the City, City Manager, or the grievance committee to do anything.

## POINTS OF ERROR

In seven points of error, the City contends that the court erred: (1) in finding that the grievance committee is not advisory and that its decision becomes final if not appealed; (2) in failing to find that the Open Meetings Act does not apply to the City of Austin grievance committee; (3) in finding that City employees can be discharged only for cause; (4) in holding that the grievance committee hearing was null and void; (5) in holding that appellee is entitled to a new hearing before the grievance committee; (6) in awarding attorney's fees because the award is unsupported by any finding of fact or the law; and, (7) in

the amount of attorney's fees awarded because the amount was so excessive as to constitute an abuse of discretion.

Evans responds: (1) the court had sufficient evidence to rule that the grievance committee is not advisory, and its decision is final if not appealed; (2) that the court properly found that the Open Meetings Act applied; (3) sufficient evidence supported the court's finding that city employees will only be discharged for cause; (4) the court was correct in awarding attorney's fees against a municipality under the Declaratory Judgments Act because the validity and effect of a municipal ordinance or franchise is in controversy; and, (5) the amount of the award of attorney's fees was reasonable.

In his brief as cross-appellant, Evans contends that the trial court erred in refusing to reinstate Evans because he was entitled to have the action of the Grievance Committee invalidated in its entirety, and because he was deprived of a property right without due process of law.

## DISCUSSION

Whether any point of error of any party has validity depends on this dispositive issue: Was the grievance committee hearing subject to the Open Meetings Act? We hold that it was not.

The Open Meetings Act, Tex.Rev.Civ. Stat.Ann. art. 6252–17 (as it read prior to amendment in 1987, effective August 31, 1987)[2] provided in § 2(a):

Except as otherwise provided in this Act or specifically permitted in the Constitution, every regular, special or called meeting or session of every governmental body shall be open to the public....

The definition of a *governmental body* is contained in § 1(c) of the Act:

"Governmental body" means any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or

2. Evans was discharged by Acting Director, General Services Department, on February 27, 1987; the City Manager, on recommendation of the

Grievance Committee, denied appeal June 10, 1987.

appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

The first sentence of the definition, to the semi-colon, covers state-level entities subject to the Act. The remaining three parts describe specific local-level governmental entities subject to the Act.

It is clear that the grievance committee does not fall within the definition of any state agency. Tex. Atty. Gen. Op. JM–340 (1985). To be a "governmental body," therefore, the grievance committee, in its organization and authority must have (1) rule-making power *or* (2) possess quasi-judicial power, *and* be classified as a department, agency, or political subdivision of a county or city. Tex. Atty. Gen. Op. JM–340 (1985) and JM–794 (1987).

The City of Austin Personnel Policies

(February 1977, Rev. August 1985)

First to be noted is the cover letter of the City Manager, in which he states, "Although these policies do not constitute a legal contract they do provide a positive approach to personnel management for your individual job satisfaction and continued progress with the City of Austin."

The stated purpose of the policies is "to provide a set of principles for establishing harmonious and productive relationships in the conduct of City business." Section V of the policies sets out methods and steps of disciplinary action. The steps include oral reprimand, written reprimand, disciplinary probation, suspension, and finally, dismissal. The suggested policies, before dismissal, shall "in no way prevent the Department Head from taking *immediate action* when the nature of the offense warrants such action."

The policy further provides that "An employee may file a complaint contesting his/her dismissal as outlined in the complaint policy. If the results of an investigation support the employee's complaint, he or she shall be reinstated with full recovery of back pay and benefits; *or other action as determined by the City Manager.*" (Emphasis added.)

The employee has the right to file a grievance according to the procedure outlined:

Within 30 days the employee should attempt to resolve the matter informally with their immediate supervisor.

If a solution cannot be reached at this point, the employee has a right to present a formal grievance, in writing to his/her Department Head. If a grievance cannot be resolved within the department, the employee shall have the right to appeal in writing to the City's Grievance Committee.

The grievance committee will hear the department head's and employee's "accounts" of events leading to that appeal and recommend a solution. In the event the two parties do not agree to the committee recommendation, the committee will prepare a recommendation to the City Manager, who will make a final disposition of the grievance.

*Organization of Grievance Committee*

"The Grievance Committee will consist of seven City employees who *will hear, review* and *make recommendations* covering all appeals referred to the Committee." (Emphasis added.) The membership is elected by City employees.

*Grievance Committee Proceedings*

The complainant shall have the right or may be required to appear before the Committee to *explain* the complaint and the complainant's disagreement with the departmental action. The complainant may have a representative accompany, assist, or represent him during the hearing and shall have the opportunity to present pertinent documentation in his behalf. The department head has the same rights.

If the Committee believes that additional information is required to reach an appropriate determination, it may request the Personnel Department to provide staff to assist the committee in obtaining the necessary information.

If the determination at the committee level is not satisfactory to all parties, each shall have the right to appeal to the City Manager.

The committee will establish rules of order and the frequency of meetings.

A careful reading of the personnel policies leads inescapably to the conclusion that each step in the disciplinary process is designed to lead to an agreeable resolution of the problem between the employee and his department head.

Nowhere is the Committee given authority to make any rules (other than rules of order and term of meetings) governing personnel disciplinary standards or actions, or to change the personnel policies rules regarding disciplinary actions or the complaint rules. It can *only make recommendations*. The only *determination* or *decision* it is vested with is to *recommend, not to adjudicate*.

Neither does the grievance committee possess quasi-judicial power, which has been described as follows:

At least six powers have been delineated as comprising the judicial function and would be indicative of whether a commission was acting in a quasi-judicial, or merely an administrative, capacity: (1) the power to exercise judgment and discretion; (2) the power to hear and determine or to ascertain facts and decide; (3) *the power to make binding orders and judgments*, (4) the power to affect the personal or property rights of private persons; (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and (6) *the power to enforce decisions or impose penalties*. 1 Am.Jur.2d §§ 167–173.

An administrative agency need not have all of the above powers to be considered quasi-judicial, but certainly the more of these powers it has, the more clearly is it quasi-judicial in the exercise of its powers.

*Parker v. Holbrook*, 647 S.W.2d 692, 695 (Tex.App.1982, writ ref'd n.r.e.) (emphasis added); *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 144 (Tex.App.1987, writ denied).

Note the clause from the Open Meetings Act, art. 6252–17, § 1(c):

And every deliberative body having rule making power or quasi-judicial power and classified as a department, agency or political subdivision of a county or city.

The grievance committee is not classified as a department, agency, or political subdivision of the City. It is not selected or appointed by the City Manager or the City Council.

Finally the judgment, insofar as it would seem to hold that the City of Austin has the power to *order* the City Manager or any subordinate to do anything about hiring or discharging city employees is directly contrary to the charter of the constitutionally-established home-rule City of Austin. Its charter provides:

Art. V. Sec. 2: Powers and Duties of the City Manager

The City Manager shall be responsible to the Council for the proper administration of all affairs of the City and to that end, he or she shall have power and be required to:

(1) Appoint and remove any officer or employee of the City except those officers appointed by the Council and except as otherwise provided by the Charter.

Art. II Sec. 6: Interference in personnel matters.

Neither the council nor any of its members shall instruct or request the City Manager or any of his or her subordinates to appoint to or remove from office or employment any person except with respect to those offices which are to be filled by appointment by the Council under the provisions of the charter.

As stated, the basis of the court's erroneous judgment is that the grievance committee is a "governmental body" within the

meaning of the Open Records Act. The only basis for the court's findings of fact is that if both parties agree to the recommendation (*not "decision,"* as stated by the court) of the grievance committee, the committee's "decision" is final. The fault in that reasoning is that the committee is not empowered to make a binding, enforceable decision. That the parties may agree to the solution recommended by the committee does not invest the committee with quasi-judicial power. In such event, all parties have simply worked out a satisfactory solution.

The trial court erred in holding that the grievance committee hearing was governed by the Open Meetings Act, in holding that the grievance complaint hearing before the committee was null and void, and in awarding attorney's fees to Evans. The 1987 amendment to Section 3(b) of the Act (effective August 31, 1987) permitted recovery of attorney's fees as follows:

"The court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant *who substantially prevails."* (Emphasis added.)

We note that the underlined proviso in § 3(b) regarding award of attorney's fees is subsequent in time to Tex.Civ.Prac. & Rem. Code, § 37.009 (Supp.1990) (effective September 1, 1985), which provided for the award of attorney's fees "as are equitable and just."

Here Evans did not substantially prevail. Therefore, the judgment for attorney's fees was improper.

The judgment of the trial court is reversed and here rendered that plaintiff Evans take nothing and that costs be taxed against him.

POWERS, J. not participating.