## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 10, 2004

The Honorable Jeff Wentworth
Chair, Jurisprudence Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0232

Re: Whether a student fee advisory committee
established under section 54.5031 of the Education
Code is subject to the Open Meetings Act, chapter
551 of the Government Code (RQ-0184-GA)

Dear Senator Wentworth:

You ask whether a student fee advisory committee established under section 54.5031 of the
Education Code is subject to the Open Meetings Act, chapter 551 of the Government Code (the
"Act").[1]

Section 54.5031 of the Education Code provides, in relevant part:

> (a) A student fee advisory committee is established at each
> institution of higher education except the University of Texas at
> Austin to advise the governing board and administration of the
> institution on the type, amount, and expenditure of compulsory fees
> for student services under Section 54.503 of this code.
>
> (b) Each committee is composed of the following nine
> members:
>
> > (1) five student members who are enrolled for not
> > less than six semester credit hours at the institution
> > and who are representative of all students enrolled at
> > the institution, selected under Subsection (c) of this
> > section; and

---

[1]*See* Letter from Honorable Jeff Wentworth, Chair, Jurisprudence Committee, Texas State Senate, to Honorable
Greg Abbott, Texas Attorney General (Feb. 13, 2004) (on file with Opinion Committee, *also available at*
http://www.oag.state.tx.us) [hereinafter Request Letter].

(2) four members who are representative of the entire institution, appointed by the president of the institution.

(c) If the institution has a student government, the student government shall appoint three students to serve two-year terms on the committee and two students to serve one-year terms on the committee. If the institution does not have a student government, the students enrolled at the institution shall elect three students to serve two-year terms on the committee and two students to serve one-year terms on the committee. A candidate for a position on the committee must designate whether the position is for a one-year or two-year term.

. . . .

(f) The committee shall:

(1) study the type, amount, and expenditure of a compulsory fee under Section 54.503 of this code; and

(2) meet with appropriate administrators of the institution, submit a written report on the study under Subdivision (1) of this subsection, and recommend the type, amount, and expenditure of a compulsory fee to be charged for the next academic year.

(g) Before recommending the student fee budget to the governing board of the institution, the president of the institution shall consider the report and recommendations of the committee. If the president's recommendations to the governing board are substantially different from the committee's recommendations to the president, the administration of the institution shall notify the committee not later than the last date on which the committee may request an appearance at the board meeting. On request of a member of the committee, the administration of the institution shall provide the member with a written report of the president's recommendations to the board.

TEX. EDUC. CODE ANN. § 54.5031 (Vernon 1996). Your question is whether a committee established by this provision falls within the ambit of the Act.

The Act provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002

(Vernon 1994). The Act defines "governmental body" as, *inter alia*, "a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members." *Id.* § 551.001(3)(A) (Vernon Supp. 2004). The term "meeting" is defined as, *inter alia*, "a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action." *Id.* § 551.001(4)(A).

In Attorney General Opinion H-772 (1976), this office considered whether the Texas Tech University Athletic Council was subject to the Act. Relying on the definitions of a state-level "governmental body" and "meeting" found in the Act, the attorney general declared that "before the Act is applicable to a meeting of a statewide public body, five prerequisites must be met." The opinion described those prerequisites as follows:

> (1) The body must be an entity within the executive or legislative department of the state;
>
> (2) The entity must be under the control of one or more elected or appointed members;
>
> (3) The meeting must involve formal action or deliberation between a quorum of members[;]
>
> (4) The discussion or action must involve public business or public policy; and
>
> (5) The entity must have supervision or control over that public business or policy.

Tex. Att'y Gen. Op. No. H-772 (1976) at 2. In 1988, a Texas court adopting the test set forth in Opinion H-772 declared that the Act is applicable whenever these five factors are present. *See Gulf Reg'l Educ. Television Affiliates v. Univ. of Houston*, 746 S.W.2d 803, 809 (Tex. App.–Houston [14th Dist.] 1988, writ denied). Opinion H-772 found that the Texas Tech University Athletic Council satisfied the first four of these criteria. *See* Tex. Att'y Gen. Op. No. H-772 (1976) at 2, 4. The only remaining question to be determined was "whether the Athletic Council [had supervisory] control over public business or policy." *Id.* at 4.

Opinion H-772 ultimately concluded that "both the structure of the Council and the resolution granting it power indicate that the Texas Tech Athletic Council is an advisory body and has no power, actual or implied, to control public business." *Id.* at 6. The opinion relied primarily upon a resolution of the board of regents that the board would "'continue to exercise its exclusive and final authority to supervise and control all matters concerning the public business and internal affairs of the Department of Athletics and all other intercollegiate athletic programs of the University,'" *id.*

at 4 (citation omitted), and that although "'the Athletic Council may review, offer suggestions and make recommendations on any pertinent matters related to the University's intercollegiate athletic program, . . . such recommendations and suggestions shall be made to and channeled through the Office of the President of the University, and it is further specifically provided that the Athletic Council shall not have final authority to direct, control or supervise the operation or activities of the Department of Athletics or intercollegiate athletic programs of the University.'" *Id.* at 5 (citation omitted). Thus, the Athletic Council was not required to comply with the provisions of the Act because its role was purely advisory, and as a result, it did not satisfy the Act's requirement that it exercise "supervision or control over . . . public business or policy." *Id.* at 2, 6; *see also City of Austin v. Evans*, 794 S.W.2d 78, 83-4 (Tex. App.–Austin 1990, no writ) (city grievance committee not subject to the Act because it could only make recommendations); Tex. Att'y Gen. Op. No. H-994 (1977) at 2-3 (committee to study the selection process of chief administrative officers of component institutions of the University of Texas System is not required to comply with the Act, so long as it has no supervision or control over public business or policy);[2] Tex. Att'y Gen. LO-93-064, at 2 (student fee advisory committee, apparently not created under section 54.5031, Education Code, is not subject to the Act because it does not have supervision or control over the public business it conducts). *But see* Tex. Att'y Gen. Op. No. H-438 (1974) at 4 (Athletic Council of the University of Texas at Austin is governmental body that supervises public business and therefore must comply with the Act).

In the situation you pose, the duties and authority of a student fee advisory committee are specified not by resolution of the governing board of an institution of higher education, but by statute. A committee's duties are fourfold: (1) "study the type, amount, and expenditure of a compulsory fee under section 54.503" of the Education Code; (2) meet with administrators of the institution; (3) submit a written report on the aforementioned study; and (4) *"recommend* the type, amount, and expenditure of a compulsory fee to be charged for the next academic year." *See* TEX. EDUC. CODE ANN. § 54.5031(f) (Vernon 1996) (emphasis added). The committee's report, moreover, must be first submitted to "appropriate administrators" rather than to the governing board. *See id.* The "president of the institution" initially considers the report before he or she submits recommendations to the governing board regarding compulsory student fees. *Id.* § 54.5031(g). "If the president's recommendations to the governing board are substantially different from the committee's recommendations to the president," the president is required to "notify the committee" so that the committee "may request an appearance at the board meeting." *Id.*

As in Attorney General Opinion H-772, both the structure of the student fee advisory committee and the statute granting it power indicate that the committee is merely an advisory body that has no power, actual or implied, to supervise or control public business. The committee makes its recommendations to the *president* of the institution rather than to the university's governing board. The committee's statutory role is that of an adviser to the president, who is not a governmental body under the Act. *See id.* Thus, under this statutory structure, there still exists a

---

[2]One recent judicial decision has approved the distinction drawn in Attorney General Opinion H-994 between an entity that has supervision or control over public business and one that acts only in an advisory capacity. *See Willmann v. City of San Antonio*, 123 S.W.3d 469, 474-75 (Tex. App.–San Antonio 2003, pet. denied).

layer of separation between the recommendations of the advisory committee and the actions of the governing board.

Furthermore, the committee's recommendations need not be followed by the president in making his or her own recommendations to the governing board. Rather, the committee's role is limited, in the case of substantial disagreement with the president, to requesting an appearance before the governing board. Nothing in section 54.5031 states or implies that the committee's recommendations are routinely or necessarily rubber-stamped by the governing board. Indeed, the governing board clearly may refuse the committee's request to appear before the board, and thus, the governing board may not even learn of the committee's recommendations. In sum, the language of the statute overwhelmingly demonstrates the advisory nature of the committee.

We conclude that a student fee advisory committee established under section 54.5031 of the Education Code does not hold "meetings" under the terms of the Open Meetings Act and is, accordingly, not subject to the Act.

## S U M M A R Y

A student fee advisory committee established under section 54.5031 of the Education Code does not hold "meetings" under the terms of the Open Meetings Act and is, accordingly, not subject to the Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee