# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00437-CV

**Maynard Tucker, Appellant**

**v.**

**The Austin American-Statesman and The Austin Human Rights Commission, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GN-05-003233, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Maynard Tucker sued the Austin American-Statesman and the Austin Human Rights Commission under the Texas Commission on Human Rights Act,[1] alleging age and race discrimination in connection with his termination by the Statesman and the Commission's investigation into his termination. *See* Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006). Tucker also alleged that the Statesman defamed his character by providing false and misleading information in its response to the Commission's investigation. The Commission filed a plea to the jurisdiction asserting exclusive federal-court jurisdiction and sovereign immunity as jurisdictional bars, which the trial court granted. The Statesman filed a motion to dismiss the discrimination claims on the grounds of res judicata, which the trial court also granted. The Statesman specially excepted to

---

[1] The short title of the Texas Commission on Human Rights Act was omitted when it was recodified at chapter 21 of the Texas Labor Code. However, for the sake of simplicity, we will refer to chapter 21 of the labor code as the Texas Commission on Human Rights Act.

Tucker's amended defamation claim, stating that the claim is not viable under statutory and common law, and filed a motion to dismiss. After allowing Tucker the opportunity to amend his claim, the trial court sustained the special exceptions and dismissed the amended defamation claim.

In this appeal, Tucker contends that the district court erred in granting the Commission's plea to the jurisdiction on the discrimination claims and in dismissing his defamation claim.[2] We affirm the district court's order granting the Commission's plea to the jurisdiction on the discrimination claims and the order dismissing Tucker's defamation claim.

## BACKGROUND

Tucker, a 47-year-old African-American male, was employed by the Statesman as a loader from March 26, 1997 to August 14, 2003. Tucker was initially suspended by the Statesman after an argument with a coworker on August 2, 2003, and this suspension was followed by Tucker's termination on August 14, 2003. The Statesman contends that Tucker was terminated as a result of his conduct during the argument. Tucker contends that managers Kevin Baird and Robert Melendez used the argument as a pretext for his suspension and termination.

The facts of the August 2, 2003 incident are largely undisputed. Tucker was working as a loader on the loading docks while another Statesman employee, John Gonzales, was working as a forklift operator. Forklift operators are authorized by Statesman policy to direct the work of loaders. Tucker and Gonzales became engaged in a heated argument after Gonzales directed Tucker to help two other workers. During this argument, Tucker knocked Gonzales's baseball cap off his

---

[2] Tucker does not appeal the trial court's dismissal of his discrimination claims against the Statesman.

2

head; Gonzales responded with racial epithets.  Gonzales then went to Night Office Manager Kevin Baird's office to report the incident, and Tucker followed.  Baird directed Tucker to clock out and leave the premises.  Tucker was suspended for two weeks and ultimately terminated.

After Tucker was terminated, he filed an administrative complaint with the Commission, alleging employment discrimination based on age and race.  In response to the Commission's investigation, the Statesman submitted documentation to establish that Tucker had a history of aggressive behavior, lateness, violating vacation and call-in policy, and leaving the work area without permission.  Tucker contends that this documentation consisted of "false and fictitious allegations" and that the Statesman defamed his character by providing this information to the Commission.  Upon completing its investigation, the Commission issued a decision in favor of the Statesman.

Before filing the present case, Tucker brought suit in state court against the Statesman and the Commission charging age and race discrimination under federal law[3] based on the same set of facts presented here.  The original suit did not include a defamation claim.  The Statesman and the Commission removed the original case to federal district court.  The federal court granted the Commission's motion to dismiss for failure to state a claim on November 7, 2005, and granted the Statesman's motion for summary judgment on March 9, 2006.

---

[3] Tucker brought his first suit under the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (West 1999 & Supp. 2006), and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2005).  Employment discrimination claims under these federal statutes are analogous to claims made under the Texas Commission on Human Rights Act. *See Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001).

**STANDARD OF REVIEW**

**Plea to the Jurisdiction**

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). The plaintiff has the burden of alleging facts to affirmatively demonstrate that the trial court has jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether this burden has been met and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law reviewed de novo. *Id.* In performing this review, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

**Special Exceptions**

We review the trial court's ruling on special exceptions and its dismissal under an abuse-of-discretion standard. *Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.). Special exceptions may be used to determine whether the plaintiff has pleaded a cause of action permitted by law. *San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 317 (Tex. App.—Corpus Christi 2000, no pet.). When a trial court sustains special exceptions, it must give the pleader an opportunity to amend, but the case may be dismissed if the amended pleading fails to state a cause of action. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). Dismissal with prejudice is proper if a pleading defect cannot be cured by amendment. *Texas-Ohio*

4

*Gas, Inc. v. Mecom*, 28 S.W.3d 129, 141 n.16 (Tex. App.—Texarkana 2000, no pet.). The appellate court reviews such a ruling de novo, taking all allegations, facts, and inferences in the pleadings as true and viewing them in a light most favorable to the pleader. *San Benito Bank & Trust*, 31 S.W.3d at 317.

## DISCUSSION

Before reaching the merits of this appeal, we must consider the Statesman's motion to strike improper record supplementation. While pro se litigants must comply with the law and rules of procedure, pro se pleadings and briefs are to be liberally construed. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied). On February 21, 2007, Tucker filed a "2nd Supplemental Appeal" with this Court, consisting of copies of documents that were already included in the clerk's record and/or the first and/or second supplemental clerk's records, as well as certain documents that are not included in the record. In light of the fact that items 1-3, 5-8, and 13, as well as the pages of item 16 bearing Bates stamps AA 50117, AA 50120, AA 50121, AA 50130, and AA 50133 of this filing can be found in the record and are already being properly considered on appeal, we overrule the Statesman's motion to strike those items. In addition, items 14 and 15 are summaries of U.S. Supreme Court cases, *Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967), and *Gertz v. Robert Welch Inc.*, 418 U.S. 323 (1974), respectively, that were previously cited by Tucker in his motion to amend the defamation claim. Because these cases were cited in a document contained in the record and therefore have been reviewed by this Court independently of Tucker's "2nd Supplemental Appeal," we overrule the Statesman's motion to strike items 14 and 15. We will view the allowed items as a supplemental appendix to Tucker's brief under Texas Rule

of Appellate Procedure 38.7. However, items 4, 9-12, and the remainder of item 16[4] of Tucker's "2nd Supplemental Appeal" consist of documents that were not included in the record. An appellate court is bound to determine the case on the record as filed and cannot look outside the trial court's record to discover relevant facts. *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied). Because materials not included in the record may not be properly considered on appeal, we will strike items 4, 9-12, and those portions of item 16 not noted above.

**Discrimination Claims**

In his first issue, Tucker argues that the trial court erred by granting the Commission's plea to the jurisdiction. The Commission's plea to the jurisdiction contended that Tucker failed to make a claim under the statute pleaded to overcome the Commission's sovereign immunity. As a governmental unit, the Commission enjoys sovereign immunity from suit unless the plaintiff establishes that immunity was specifically waived by statute. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Tucker charged the Commission with race and age discrimination under the Texas Commission on Human Rights Act, which provides a limited waiver of sovereign immunity by including counties, municipalities, state agencies, and state instrumentalities in its

---

[4] These items are described in the index to the "2nd Supplemental Appeal" as follows: (Item 4) "Plaintiff evidence [sic], a letter from the office of court administration, a letter in reference to the Honorable Judge Derwood's time of service on the bench," (Item 9) "Plaintiffs evidence [sic], a letter of written warning from the plaintiffs [sic] former employer the Austin American Statesman from Mr. Robert Melendez," (Item 10) "Letter from Mr. Melendez, this letter in regards to a discounted write-up," (Item 11) "Plaintiffs evidence [sic] and affidavit by the plaintiff," (Item 12) "A warning statement written by Robert Agulera dated December 18th, 2002," and (Item 16) "Plaintiff evidence [sic], False write ups by Daryl McFarlin, Robert Melendez, 1-22 pages."

definition of "employer." Tex. Lab. Code Ann. § 21.002(8); s*ee Dallas/Fort Worth Int'l Airport Bd. v. Funderburk*, 188 S.W.3d 233, 235 (Tex. App.—Fort Worth 2006, pet. granted, judgm't vacated w.r.m.). However, "[f]or a suit to proceed against a governmental unit under a statute permitting such suit, the court must first look to the terms of the Act to determine the scope of its waiver and then 'consider the particular facts of the case . . . to determine whether it comes within that scope.'" *Texas Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.) (quoting *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)).

In order to bring suit under the Texas Commission on Human Rights Act, a plaintiff must show "that some sort of employment relationship exists" between the plaintiff and the party sued. *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 147 (Tex. 1999). Tucker's discrimination claims rely solely on his employment relationship with the Statesman. He did not plead that he has ever had an employment relationship with the Commission, nor did he bring suit against the Commission in its capacity as an employer. As a result, Tucker failed to establish that the Commission waived its sovereign immunity under the Texas Commission on Human Rights Act. The trial court's order granting the Commission's plea to the jurisdiction was proper.[5] In granting a plea to the jurisdiction based on sovereign immunity, dismissal with prejudice is proper when there is nothing the plaintiff could have included in his petition that would have conferred jurisdiction on the trial court. *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739-40 (Tex. App.—Austin 1994, writ denied). As a result, we overrule Tucker's first issue.

---

[5] Because we have determined that the trial court lacked subject-matter jurisdiction on the grounds of sovereign immunity, we will not address the Commission's alternative plea to the jurisdiction on the grounds of exclusive federal jurisdiction.

**Defamation Claim**

In his second issue, Tucker argues that the trial court erred in sustaining the Statesman's special exceptions to his amended defamation claim and dismissing the claim with prejudice. Tucker's defamation claim against the Statesman stated that information submitted to the Commission during its investigation included "false and fictitious allegations." The Statesman specially excepted to the defamation claim, stating that the claim is not viable under the labor code or Texas common law. The trial court gave Tucker an opportunity to amend his claim. In his amended defamation claim, Tucker stated that the Statesman defamed his character by submitting "false and malicious letters" to the Commission in relation to the investigation. The trial court sustained the Statesman's special exceptions and dismissed the claim with prejudice.

The labor code provides that an "oral or written statement made to a commissioner or an employee of the commission" in connection with a charge of employment discrimination "may not be the basis for an action for defamation of character." Tex. Lab. Code Ann. § 21.007. However, section 21.0015 states that a "reference in this chapter to the 'commission' means the Texas Workforce Commission civil rights division." *Id*. § 21.0015. While the Austin Human Rights Commission is a "local commission" as defined by subsection 21.002(11) of the labor code and was created to promote the purposes of the Texas Commission on Human Rights Act, the language of section 21.007 does not specifically extend a privilege to statements made to such local commissions. However, we will affirm the trial court's order sustaining the Statesman's special exceptions because the information submitted by the Statesman to the Commission is subject to judicial immunity under Texas common law.

Oral and written communications made in the due course of a judicial proceeding are absolutely privileged, and this immunity extends to "statements made in quasi-judicial proceedings before governmental executive officers, boards, and commissions which exercise quasi-judicial powers." *Wal-Mart Stores, Inc. v. Lane*, 31 S.W.3d 282, 290 (Tex. App.—Corpus Christi 2000, pet. denied). Factors that have been identified as indicative that a governmental commission has quasi-judicial powers include the power to exercise judgment and discretion, the power to hear and determine facts, the power to make binding orders and judgments, the power to affect the personal or property rights of private persons, the power to compel the attendance of witnesses, the power to examine witnesses and hear the litigation of issues in a hearing, and the power to enforce decisions or impose penalties. *City of Austin v. Evans*, 794 S.W.2d 78, 83 (Tex. App.—Austin 1990, no writ). A governmental body need not exhibit all of the powers listed above to be invested with quasi-judicial authority. *Id.* The Commission is authorized under section 21.154 of the labor code to receive, investigate, conciliate, and rule on complaints of employment discrimination, to compel the production of evidence, and to compel the attendance of witnesses for examination under oath. Therefore, the Commission is a governmental body exercising quasi-judicial powers, and the information submitted by the Statesman in the course of the Commission's investigation is protected by judicial immunity from a charge of defamation. Because Tucker does not state a viable claim, the trial court did not err in sustaining the Statesman's special exceptions. Dismissal of the defamation claim with prejudice was proper because this defect cannot be cured by further amendment. *See Texas-Ohio Gas*, 28 S.W.3d at 141 n.16.

Tucker contends that the trial judge erred by denying his request for findings of fact in relation to the hearing on the Statesman's special exceptions and motion to dismiss. Findings of

9

fact "have no purpose and should not be requested, made, or considered on appeal" in instances where judgment must be rendered as a matter of law, such as a dismissal based on the pleadings or special exceptions. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). The trial judge did not err by failing to file findings of fact because the trial court was faced with purely legal issues and judgment was rendered as a matter of law. We overrule Tucker's second issue.

## CONCLUSION

Because Tucker failed to make a claim under the statute pleaded to overcome the Commission's sovereign immunity, we affirm the district court's order granting the Commission's plea to the jurisdiction.

Because Tucker's defamation claim is not viable under common law and incurable by further amendment, we affirm the district court's order sustaining the Statesman's special exceptions and dismissing the defamation claim.

$\overline{\hspace{4cm}}$

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:   April 26, 2007

10