ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 15, 2013

The Honorable Jim Murphy
Chair, Partnership Advisory Commission
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0999

Re:     Whether the Partnership Advisory
Commission is subject to the requirements of
the Texas Open Meetings Act  (RQ-1093-GA)

Dear Representative Murphy:

You ask whether the Partnership Advisory Commission (the "Commission") is subject to the requirements of the Texas Open Meetings Act (the "Act").[1]

The Commission is established under chapter 2268 of the Government Code as "an advisory commission in the legislative branch that advises responsible governmental entities described by Section 2267.001(5)(A) on proposals received under Chapter 2267." TEX. GOV'T CODE ANN. § 2268.051 (West Supp. 2012).[2]  The governmental entities described in section 2267.001(5)(A) are "a board, commission, department, or other agency of this state," and certain institutions of higher education.  *Id.* § 2267.001(5)(A).  Chapter 2267 authorizes agreements between public and private entities to develop or operate projects that qualify under that chapter. *Id.* §§ 2267.001–.066.

A state governmental entity that receives a proposal subject to chapter 2268 must submit copies of the proposal to the Commission and to the House Appropriations Committee and Senate Finance Committee.  *Id.* § 2268.058(a).  The Commission may decide whether to accept or decline to review the proposal.  *Id.* § 2268.058(d).  When it accepts a proposal for review, the

---

[1]Letter and Brief from Honorable Jim Murphy, Chair, P'ship Advisory Comm'n, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 18, 2012), http:// www.texasattorneygeneral.gov/opin ("Request Letter").

[2]In 2011, the Legislature added two chapters to the Government Code that are both identified as "chapter 2267."  Senate Bill 1048 added chapter 2267, entitled "Public and Private Facilities and Infrastructure," and chapter 2268, establishing the Commission. *See* Act of May 27, 2011, 82d Leg., R.S., ch. 1334, § 1, secs. 2267.001–.066, 2011 Tex. Gen. Laws 3859, 3859–72. *Id.*  House Bill 628 added another chapter 2267, "Contracting and Delivery Procedures for Construction Projects." *See* Act of May 29, 2011, 82d Leg., R.S., ch. 1129, § 2.08, secs. 2267.001–.452, 2011 Tex. Gen. Laws 2900, 2904–20.  Section 2268.051 of the Government Code refers to the chapter 2267 that was added by Senate Bill 1048.

Commission must "provide findings and recommendations to the responsible governmental entity" including:

> (1) a determination on whether the terms of the proposal and proposed qualifying project create state tax-supported debt, taking into consideration the specific findings of the comptroller with respect to the recommendation;
>
> (2) an analysis of the potential financial impact of the qualifying project;
>
> (3) a review of the policy aspects of the detailed proposal and the qualifying project; and
>
> (4) proposed general business terms.

*Id.* § 2268.058(g).

You state your understanding of the Commission's authority under chapter 2268:

> [A] submitting governmental entity is not bound by any finding or recommendation of the commission. The commission has no actual or implied authority to approve or disapprove a proposed project or to place any condition on the approval of a proposed project. Each submitting entity is ultimately responsible for independently deciding whether to proceed with a proposed project. The [C]ommission acts in an advisory capacity only.

Request Letter at 1. Your understanding of the Commission's authority is consistent with the plain language of chapter 2268. *See* TEX. GOV'T CODE ANN. § 2268.001–.059 (West Supp. 2012).

The Act applies to a meeting of a governmental body that includes deliberations, other exchanges of information, or formal action concerning "public business or public policy over which the governmental body has supervision or control." *Id.* § 551.001(4)(A), (B)(iv) (West 2012); *see also Willmann v. City of San Antonio*, 123 S.W.3d 469, 479 (Tex. App.—San Antonio 2003, pet. denied) (stating that "the definition of a governmental body [under the Act] generally comprehends an entity with the power to supervise or control public business"). Therefore, courts have determined that an advisory body that does not have the authority to control or supervise public business or policy generally does not hold "meetings" that are subject to the Act. *See Beasley v. Molett*, 95 S.W.3d 590, 606–07 (Tex. App.—Beaumont 2002, pet. denied) (holding that a statutorily created governmental body whose purpose is solely to make recommendations to other governmental bodies does not hold meetings subject to the Act); *City of Austin v. Evans*, 794 S.W.2d 78, 83–84 (Tex. App.—Austin 1990, no writ) (determining that a city grievance committee was not subject to the Act because the committee could only make

recommendations). Chapter 2268 creates the Commission as an advisory body with the duty to make certain findings and recommendations and does not vest the Commission with ultimate control over public business or policy. Thus, given the limited scope of its statutorily defined duties, the Partnership Advisory Commission is generally not the kind of entity that courts would deem subject to the Texas Open Meetings Act.

Nevertheless, under particular facts, a body designated as "advisory" may be deemed subject to the Act when the body's recommendations about public business or policy are routinely "rubberstamped" by a governing body receiving the recommendations. *Willmann*, 123 S.W.3d at 479–80. Whether the Commission's recommendations are routinely rubberstamped by the entities receiving them is a fact question that cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0957 (2012) at 1 (noting that "whether conduct is a meeting under the Act will sometimes involve questions of fact that we cannot definitively resolve through the opinion process"). Thus, while we conclude that the Commission's statutorily defined duties do not make it subject to the Act, whether in practice the Commission effectively exercises the kind of policymaking power that renders it subject to the Act is not a question we can address here.

## S U M M A R Y

While the Partnership Advisory Commission's statutorily defined duties do not make it subject to the Open Meetings Act, whether in practice the Commission effectively exercises the kind of policymaking power that renders it subject to the Act is not a question that can be addressed in an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee