

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

February 2, 2026

The Honorable B.D. Griffin
Montgomery County Attorney
501 North Thompson, Suite 300
Conroe, Texas 77301

> **Opinion No. KP-0511**
>
> Re: Interpretation and application of the Open Meetings Act to members of a home-rule city council (RQ-0585-KP)

Dear Mr. Griffin:

On behalf of the Mayor of the City of Conroe, you inquire about the calculation and effect of a quorum under the Open Meetings Act for a home-rule municipality.[1] You explain that the City of Conroe's home-rule charter provides for a "governing body" that consists of a "mayor-council composed of five . . . councilmen and a mayor." Request Letter at 2 (quoting Conroe, Tex., City Charter, art. I, § 1.01). The mayor and councilmembers, however, hold different voting authority, with the mayor voting on "matters considered by the [c]ouncil only in case of a tie vote," *id.* (quoting Conroe, Tex., City Charter, art. III, § 3.08), and "to remove the [c]ity [s]ecretary or [c]ity [a]ttorney," *id.* As such, your questions stem from a disagreement over whether the "practice" of three councilmembers—"a voting majority on most matters"—"meeting outside of a noticed meeting" violates the Act. *Id.*

To that end, you first ask whether three councilmembers (excluding the mayor) constitute a quorum under the Act. *Id.* at 1. You next ask about the Act's application to three councilmembers (excluding the mayor) "meet[ing] outside of a properly noticed meeting to discuss city business when a tie vote rarely occurs." *Id.* This opinion is necessarily limited, as this office neither construes city charters, *see* Tex. Att'y Gen. Op. No. GA-0449 (2006) at 1, nor resolves questions of fact related to "[w]hether any specific behavior or pattern of behavior constitutes a violation of the [A]ct" in the opinion process, Tex. Att'y Gen. Op. No. DM-95 (1992) at 6. We thus provide only general advice in response to your questions.

---

[1] *See* Letter and Enclosures from Hon. B.D. Griffin, Montgomery Cnty. Att'y, to Hon. Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 3, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0585KP.pdf ("Request Letter" and "Enclosures," respectively).

**The Act applies to a "meeting" of the City's council.**

"Every regular, special, or called meeting of a governmental body shall be open to the public, except as provided by" the Act. TEX. GOV'T CODE § 551.002. This mandate is designed with the Act's purpose in mind: "to safeguard the public's interest in knowing the workings of its governmental bodies." *Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 960 (Tex. 1986). The key to the Act's application is thus the existence of a "meeting" of a "governmental body." *See* TEX. GOV'T CODE § 551.002. *See generally id.* §§ 551.001–.146 (concerning other related requirements for a governmental body's meeting under the Act).

The Act defines both "governmental body" and "meeting." The definition of a "governmental body" under the Act includes "a municipal governing body in the state." *Id.* § 551.001(3)(C). This, of course, encompasses the City's "mayor-council." Request Letter at 2 (quoting Conroe, Tex., City Charter, art. I, § 1.01). Meanwhile, the Act defines "meeting" to consist of two types. *See* TEX. GOV'T CODE § 551.001(4). One type of "meeting" under the Act involves "a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action." *Id.* § 551.001(4)(A). The Act defines "deliberation" as "a verbal or written exchange between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body." *Id.* § 551.001(2). The other type of meeting under the Act is "a gathering[] . . . that is conducted by the governmental body or for which the governmental body is responsible[] . . . at which a quorum of members of the governmental body is present[] . . . that has been called by the governmental body." *Id.* § 551.001(4)(B)(i)–(iii). This type of meeting entails the governmental body's members "receiv[ing] information from, giv[ing] information to, ask[ing] questions of, or receiv[ing] questions from any third person[] . . . about the public business or public policy over which the governmental body has supervision or control." *Id.* § 551.001(4)(B)(iv). It follows then that the Act applies to a "meeting" of the City's council.[2] *See id.* § 551.002.

**A home-rule municipality's charter may define a quorum for purposes of a "meeting" under the Act.**

Your first question concerns an element fundamental to both types of meetings under the Act: the presence of a quorum. *See* Request Letter at 1; TEX. GOV'T CODE § 551.001(4). The Act defines a "quorum" to mean "a majority of a governmental body, *unless defined differently by* applicable law or rule or the *charter of the governmental body*." TEX. GOV'T CODE § 551.001(6) (emphases added). Here, you tell us the City's "charter defines a quorum 'to do business,'" Request Letter at 1, as "[t]wo-thirds . . . of the qualified members of the [c]ity [c]ouncil," *id.* at 2 (quoting

---

[2] There are several types of gatherings—assuming no formal action is taken and "any discussion of public business is incidental"—that do not constitute a "meeting" under the Act when a quorum of a governmental body is present. TEX. GOV'T CODE § 551.001(4). These involve "gathering[s] . . . at a social function unrelated to the public business that is conducted by the body," "attendance . . . at a regional, state, or national convention or workshop, ceremonial event, or press conference," and "attendance . . . at a candidate forum, appearance, or debate to inform the electorate." *Id.*

Conroe, Tex., City Charter, art. III, § 3.10). The charter defines "qualified members of the [c]ity [c]ouncil" to be the mayor and councilmembers. *Id.* (referencing Conroe, Tex., City Charter, art. III, § 3.10). The City has five councilmembers, resulting in a total of six "qualified members of the [c]ity [c]ouncil." *See id.* In turn, "a quorum to do business" under the charter exists with four qualified members of the city council. *See id.*; TEX. GOV'T CODE § 551.001(6). We understand that the City has applied "a quorum to do business" from the City's charter to a "meeting" under the Act. *See* Enclosures at 7–9 (concerning the city attorney's application of a "quorum to do business" "for purposes of the Act"); *accord* Brief from Michael T. Garner, City Att'y of Conroe, to Hon. Ken Paxton, Tex. Att'y Gen. at 3 (Apr. 1, 2025) (on file with the Op. Comm.). But again, this office generally does not interpret city charters out of deference to municipal officials' authority to construe and implement their own charter consistent with the Act and other law. *See* Tex. Att'y Gen. Op. No. GA-0449 (2006) at 1; *see also* TEX. CONST. art. XI, § 5 (prohibiting a charter from "contain[ing] any provision inconsistent with the [Texas] Constitution . . . or of the general laws enacted by the Legislature"). To the extent the City does in fact construe its charter to apply "a quorum to do business" for a "meeting" under the Act, a quorum would thus be four qualified members of the city council.[3] *See* Request Letter at 2; TEX. GOV'T CODE § 551.001(6).

In such a case, it is of no moment that the mayor does not always vote at a meeting. *See* Request Letter at 2. The Act does not prohibit a governmental body from including in its charter nonvoting or limited-voting members when calculating a quorum. *See generally* TEX. GOV'T CODE §§ 551.001–.146. Instead, the Act defers to a charter's definition of a quorum for a meeting, *id.* § 551.001(6), and here, the City's charter expressly provides that the mayor is included in calculating a "quorum to do business," *see* Request Letter at 2.[4]

> **A gathering of members of a governmental body in less than a quorum does not ordinarily trigger the Act, but a governmental body does not always insulate itself by avoiding a quorum.**

Your second question concerns the Act's application to a gathering of three councilmembers, not including the mayor, "to discuss city business." *Id.* at 1. This question appears to presume that the City applies "a quorum to do business" to a "meeting" under the Act. *See id.* at 1–2. As such, we understand you to question the Act's application to a gathering of less than a quorum of a municipality's governing body who are nonetheless "a voting majority on most

---

[3] While this office neither construes charters nor resolves question of fact related to whether the Act has been violated, *supra* p. 1 (citing Tex. Att'y Gen. Op. Nos. GA-0449 (2006) at 1, DM-95 (1992) at 6), we pause to note that nothing in the cited charter provision suggests that three councilmembers would constitute a majority if all six were present. The City charter plainly emphasizes the "affirmative vote of a majority of those present," Request Letter at 2 (quoting Conroe, Tex., City Charter, art. III, § 3.10)—not a majority of *voting* members. *Cf., e.g.*, *Webster v. Tex. & Pac. Motor Transp. Co.*, 166 S.W.2d 75, 76–77 (Tex. 1942) (confronting a similar situation). Three, of course, is not a majority of six.

[4] The inclusion of a nonvoting or limited-voting member in a quorum is not unprecedented. For instance, this office has recognized that nonvoting members may be counted in quorums. *See* Tex. Att'y Gen. Op. No. JC-0580 (2002) at 4 (construing a Tax Code provision). And the Texas Supreme Court has recognized a quorum when a limited-voting member was present but did not vote. *Meador-Brady Mgmt. Corp.*, 866 S.W.2d at 594, 596 (interpreting the meaning of "majority vote of a quorum" under the Texas Motor Vehicle Commission Code which first required a quorum to exist). That said, we do not comment on whether the Act's default quorum rule or common-law includes nonvoting or limited-voting members. *See* TEX. GOV'T CODE § 551.001(6).

matters." *Id.* We respond generally, as you do not describe any particular gathering consisting of less than a quorum. *See id.*

We certainly agree that "the citizens of Texas are entitled to know not only what [the] government decide[s] but also to observe how and why every decision is enacted." *Willmann v. City of San Antonio*, 123 S.W.3d 469, 473 (Tex. App.—San Antonio 2003, pet. denied). But even a liberal construction of the Act "in favor of open government," *id.*, "must remain grounded in the statute's language," *Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 62 (Tex. 2015). We cannot ignore that the Act's application depends on the existence of a "meeting," *see* TEX. GOV'T CODE § 551.002, which requires a quorum, *id.* § 551.001(4). *Cf.* Tex. Att'y Gen. Op. No. GA-0098 (2003) at 3 (finding that an informational meeting with no quorum present is not a meeting under the Act). Indeed, the "Legislature has had numerous opportunities . . . to define 'meeting' as something involving less than a quorum of the governmental body," yet "[i]t has chosen not to do so." *United States v. City of Garland*, 124 F. Supp. 2d 442, 445 (N.D. Tex. 2000) (mem. op. & order).

Courts have confirmed as much. The Fifth Circuit, for example, held that the Act was "inapplicable" to "private discussions" among members of a governmental body where no evidence was presented "to show that a quorum existed." *Hisp. Educ. Comm. v. Hous. Indep. Sch. Dist.*, No. 95-20029, 1995 WL 581610, *2 (5th Cir. Aug. 29, 1995) (per curiam). Similarly, another federal court found no violation of the Act after reasoning that there was no "meeting" when less than a quorum of a city council was ordered to attend court-ordered mediation. *City of Garland,* 124 F. Supp. 2d at 445–46. A Texas appellate court also found no violation where commissioners discussed agenda preparation for future meetings and a day's agenda in a setting involving less than a quorum, recognizing that "[w]hen less than a quorum is involved, the Act does not limit the discussions of the commissioners." *Harris Cnty. Emergency Serv. Dist. No. 1 v. Harris Cnty. Emergency Corps*, 999 S.W.2d 163, 168–70 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Even the Texas Supreme Court, in harmonizing the Act with another statute, acknowledged that ex parte communications between commissioners of a state agency are permissible "only when less than a quorum is present." *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

That is not to say this general rule is without limitation. For instance, one court outright rejected the principle that a governmental body can "insulate itself from [the Act's] application simply because less than a quorum of the parent body is present." *Willmann*, 123 S.W.3d at 478. *But see Tarrant Reg'l Water Dist. v. Bennett*, 453 S.W.3d 51, 58 (Tex. App.—Fort Worth 2014, pet. denied) (rejecting that a committee with less than a quorum was subject to the Act); *Fratus v. City of Beaumont*, No. 09-18-00294-CV, 2019 WL 5076241, at *6 (Tex. App.—Beaumont Oct. 10, 2019, pet. denied) (mem. op.) (citing to *Tarrant Regional Water District* for the proposition that a "viable claim" under the Act requires an allegation "that a quorum of a governmental body acted in violation of the Act"). In that case, a city council appointed councilmembers to comprise a subcommittee charged with recommending individuals for the appointment and reappointment of municipal court judges. *Willmann*, 123 S.W.3d at 471. The subcommittee—consisting of exclusively councilmembers—contained less than a quorum of the council. *Id.* at 473, 480. The court considered whether evidence existed to support that this subcommittee was subject to the Act. *Id.* at 479. In reversing the trial court's grant of summary judgment on this issue, the court found that the evidence suggested that the subcommittee made a

final—not advisory—decision and the city council "rubber stamp[ed]" it. *Id.* at 480, 482; *see also* Tex. Att'y Gen. Op. No. JC-0407 (2001) at 9 (explaining that the Act has been construed "to apply to subcommittees of less than a quorum of a governmental body if[] . . . the subcommittee supervises or controls business of the governmental body or makes recommendations that are merely rubber-stamped"). Rubber stamping was a concern for another court, who suggested that the risk is heightened when a committee contains a large number of voting members of the parent governmental body. *See Finlan v. City of Dallas*, 888 F. Supp. 779, 785–86 (N.D. Tex. 1995) (mem. op. & order).

Another example is when "[a] committee appointed by a governmental body constituting less than a quorum of its members . . . falls . . . within a definition of the term 'governmental body.'" *Willmann*, 123 S.W.3d at 478–79 (citing Tex. Att'y Gen. Op. No. JC-0060 (1999) at 3). *But see Tarrant Reg'l Water Dist.*, 453 S.W.3d at 58 (disagreeing with Attorney General Opinion JC-0060 and *Willmann*). This could occur when the committee is, for instance, "a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a . . . municipality." TEX. GOV'T CODE § 551.001(3)(D); *see, e.g.*, Tex. Att'y Gen. Op. No. JC-0060 (1999) at 2–3. Rulemaking authority involves exactly what it says: "authority to make . . . rules." *City of Austin v. Evans*, 794 S.W.2d 78, 83 (Tex. App.—Austin 1990, no writ). Quasi-judicial power includes: "the power to exercise judgment and discretion;" "the power to hear and determine or to ascertain facts and decide;" "the power to make binding orders and judgments[;]" "the power to affect the personal or property rights of private persons;" "the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing;" and "the power to enforce decisions or impose penalties." *Id.* (emphasis omitted). Satisfying this definition of governmental body would therefore trigger the Act's application to a group's meeting under the Act. *See* Tex. Att'y Gen. Op. No. JC-0060 (1999) at 2–3; *see also* TEX. GOV'T CODE § 551.001(3)(D). Thus, the circumstances discussed above highlight several examples where a meeting of a group consisting of less than a quorum of a governmental body may be subject to the Act. *See, e.g.*, *supra* pp. 4–5.

We also acknowledge that the Act criminalizes behavior known as a walking quorum, as you point out. Request Letter at 2; *see* TEX. GOV'T CODE § 551.143. Section 551.143 creates a criminal offense if a governmental body's member:

> (1) knowingly engages in at least one communication among a series of communications that each occur outside of a meeting authorized by [the Act] and that concern an issue within the jurisdiction of the governmental body in which the members engaging in the individual communications constitute fewer than a quorum of members but the members engaging in the series of communications constitute a quorum of members; and

> (2) knew at the time the member engaged in the communication that the series of communications[] . . . involved or would involve a quorum[] and . . . would constitute a deliberation once a quorum of members engaged in the series of communications.

TEX. GOV'T CODE § 551.143(a)(1)–(2). The Act does not itself define "knowingly," so the Penal Code's definition applies. *See* TEX. PENAL CODE § 1.03(b); *cf.* Tex. Att'y Gen. Op. No. GA-0326 (2005) at 7 (applying the Penal Code's "knowingly" definition to the predecessor of section 551.143). A member "acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." TEX. PENAL CODE § 6.03(b). Likewise, a member "acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* While a gathering of less than a quorum simply "discuss[ing] city business" without more, *see* Request Letter at 1, is not inherently an offense, we caution that such discussion could rise to a criminal offense under section 551.143 if additional elements are met, *see* TEX. GOV'T CODE § 551.143.

All that to say, a gathering of less than a quorum of a municipality's governing body would not ordinarily trigger the Act, but we cannot conclude as a matter of law that *every* conceivable gathering involving less than a quorum would not trigger or violate the Act.

### S U M M A R Y

The Texas Open Meetings Act applies to a "meeting" of a municipality's governing body. A home-rule municipality's charter may define a quorum for purposes of a "meeting" under the Act. While a gathering of members of a governmental body in less than a quorum does not ordinarily trigger the Act, a governmental body does not always insulate itself by avoiding a quorum. Thus, we cannot conclude as a matter of law that every conceivable gathering involving less than a quorum of a municipality's governing body would not trigger or violate the Act.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

AMANDA K. ROMENESKO
Assistant Attorney General, Opinion Committee