ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 30, 2005

The Honorable Tim R. Taylor                    Opinion No. GA-0361
Titus County Attorney
100 West First Street                          Re:   Whether a county election commission,
Mount Pleasant, Texas 75455                    created under chapter 31 of the Election Code, is a
                                               governmental body subject to the Open Meetings
                                               Act, Government Code chapter 551  (RQ-0331-GA)

Dear Mr. Taylor:

        On behalf of the Titus County Commissioners Court, you ask whether a county election
commission created under chapter 31 of the Election Code is a governmental body subject to the
Open Meetings Act, Government Code chapter 551.[1] *See* TEX. ELEC. CODE ANN. ch. 31 (Vernon
2003 & Supp. 2004-05); TEX. GOV'T CODE ANN. ch. 551 (Vernon 2004).

I.    **Law**

      A.    **The County Elections Administrator and County Election Commission**

        In general, unless a county commissioners court establishes a county elections
administrator position, the county tax assessor-collector or the county clerk serves as the voter
registrar for a county, *see* TEX. ELEC. CODE ANN. §§ 12.001, .031 (Vernon 2003), and the county
clerk performs other election-related duties, such as preparing the official ballot, procuring and
distributing election supplies, and tabulating precinct vote totals. *See id.* §§ 51.003(1), 52.002, .003,
.006, 66.056(a)(2).

        A county commissioners court may establish a county elections administrator position to act
as voter registrar and to take over some of the county clerk's election-related duties, however. *See
id.* § 31.031(a).  Once the position is established, the county elections administrator generally
performs:

                (1)  the duties and functions of the voter registrar;

---

        [1]*See* Letter from Honorable Tim R. Taylor, Titus County Attorney, to Honorable Greg Abbott, Texas Attorney
General (Mar. 22, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter
Request Letter].

(2) the duties and functions placed on the county clerk by [the Election Code];

(3) the duties and functions relating to elections that are placed on the county clerk by statutes outside [the Election Code], subject to Section 31.044 [of the Election Code]; and

(4) the duties and functions placed on the administrator under Sections 31.044 and 31.045 [of the Election Code].

*Id.* § 31.043. Section 31.044, referred to in subsection (3) above, divides certain duties between the county clerk and the administrator. *See id.* § 31.044; *see also* 1 TEX. ADMIN. CODE § 81.9 (West 2004) (Office of the Secretary of State, Duties of Elections Administrator). For instance, in addition to some of the county clerk's tasks listed previously, the county elections administrator must supply the county clerk with information on election matters for the commissioners court. TEX. ELEC. CODE ANN. § 31.044 (Vernon 2003); *see* 1 TEX. ADMIN. CODE ANN. § 81.9 (West 2004) (Office of the Secretary of State, Duties of Elections Administrator) (dividing county clerk's duties assigned by statutes other than the Election Code). The county elections administrator also must appoint co-judges, co-alternate judges, and clerks for each precinct from lists supplied by county party chairs. *See* 1 TEX. ADMIN. CODE § 81.148(a) (West 2004) (Office of the Secretary of State, Appointment of Various Election Officials).

In addition, the county elections administrator has certain contracting authority. *But see Krier v. Navarro*, 952 S.W.2d 25, 30 (Tex. App.–San Antonio 1997, writ denied) (finding that the evidence presented showed that the Bexar County elections administrator did not have independent contracting authority). The administrator "may contract with the governing body of a political subdivision situated wholly or partly in the county . . . to perform election services," and the contract need not be submitted to the commissioners court for approval. TEX. ELEC. CODE ANN. § 31.092(a), (c) (Vernon 2003); *see id.* § 31.094 (stating that under an election services contract a county elections administrator may "perform or [] supervise . . . any or all of the corresponding duties and functions that the [administrator] performs in connection with a countywide election ordered by a county authority"). The money that a county elections administrator receives under an election services contract with a political subdivision is "deposited in a separate fund in the county treasury" and is not subject to the commissioners court's budgeting or appropriation process. *Id.* § 31.100(a); *see id.* § 31.100(g) (prohibiting a commissioners court from considering the election services contract fund in adopting the county budget for the county elections administrator's office). "[C]laims against the fund shall be audited and approved in the same manner as other claims against the county," however. *Id.* § 31.100(a). Under an election services contract, a county elections administrator may contract with third persons for election services and supplies and pay the third person's claims for election expenses. *See id.* § 31.098(a).

A county elections administrator is appointed not by the commissioners court but by a county election commission (a "commission"), which is initially formed to appoint the county elections administrator. *See id.* §§ 31.031(a), .032, .043. The commission has other duties related to the

county elections administrator's position: it "is the proper authority to receive and act on" the county elections administrator's resignation; may, by a four-fifths vote, recommend to the commissioners court that the "employment of the county elections administrator . . . be terminated"; and fills a vacancy in the county elections administrator's position. *Id.* §§ 31.032(a), .036, .037, .038(a). A commission is composed of:

> (1) the county judge, as chair;
>
> (2) the county clerk, as vice chair;
>
> (3) the county tax assessor-collector, as secretary; and
>
> (4) the county chair of each political party that made nominations by primary election for the last general election for state and county officers preceding the date of the meeting at which the appointment is made.

*Id.* § 31.032(a).

Typically, the commission meets at the chair's call, although "the vice chair or any three [commission] members . . . may call a meeting if the calling authority considers a meeting to be necessary or desirable and the chair fails to call the meeting after being requested to do so." *Id.* § 31.033(a). The individual who calls a meeting must set the date, time, and place of the meeting and must "deliver written notice of the time and place to each other commission member not later than the fourth day before the meeting date." *Id.* § 31.033(b). Each commission member "who is present at a meeting is entitled to vote on any matter that is put to a vote." *Id.* § 31.033(c).

### B.    The Open Meetings Act

You ask whether the Open Meetings Act (the "Act"), chapter 551 of the Government Code, applies to a commission. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. GOV'T CODE ANN. ch. 551 (Vernon 2004). The Act requires a governmental body to open all of its meetings to the public, with narrow exceptions. *See* TEX. GOV'T CODE ANN. § 551.002 (Vernon 2004). With respect to county entities, the term "governmental body" means "a county commissioners court" and "a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county." *Id.* § 551.001(3)(B), (D).

## II.    Analysis

Whether a commission is subject to the Act turns on whether it is a governmental body within the Act's definition. *See* Tex. Att'y Gen. LO-95-036, at 1 (determining whether certain entities are subject to the Act "ultimately depends upon whether either of the[] entities constitutes a governmental body for purposes of the [A]ct"). To determine whether an entity "fits" into the Act's definition of the phrase "governmental body," a court will consider the entity's "composition and functions." *Sierra Club v. Austin Transp. Study Policy Advisory Comm.*, 746 S.W.2d 298, 300

(Tex. App.–Austin 1988, writ denied); *accord* Tex. Att'y Gen. LO-95-036, at 2. A court will construe the Act "liberally . . . in favor of open government." Tex. Att'y Gen. Op. No. JC-0060 (1999) at 4.

You do not believe that the Titus County Election Commission is a governmental body for the Act's purposes: "Because only one member of a Commissioner[]s Court is involved, it is clearly not a Commissioner[]s court meeting[,] which makes Subsection (B) inapplicable. [And a]lthough the County Election Commission might be considered a deliberative body in the county under Subsection (D), the County Election Commission has no 'rulemaking' or 'quasi[-]judicial' power." Request Letter, *supra* note 1, at 2. No judicial decisions or attorney general opinions discuss whether an election commission is subject to the Act.[2]

### A.  Whether a Commission Is a County Commissioners Court or a Committee Thereof

We first address your argument that a commission is not a county commissioners court for Government Code section 551.001(3)(B)'s purposes. The Titus County Commissioners Court is composed of a county judge and four commissioners.[3] *See* TEX. CONST. art. V, § 18(a); TEX. LOC. GOV'T CODE ANN. § 81.001(a) (Vernon 1999). In general, three members of the commissioners court constitute a quorum. *See* TEX. LOC. GOV'T CODE ANN. § 81.006 (Vernon 1999). Clearly, the county judge alone—the commissioners court's sole representative on the commission—does not constitute the commissioners court for purposes of section 551.001(3)(B). The court's individual members are not a governmental body. *See State ex rel. White v. Bradley*, 956 S.W.2d 725, 743 (Tex. App.–Fort Worth 1997), *rev'd on other grounds*, 990 S.W.2d 245 (Tex. 1999).

The Act's applicability does not always depend upon the presence of a quorum, however. *See Willmann v. City of San Antonio*, 123 S.W.3d 469, 478 (Tex. App.–San Antonio 2003, pet. denied) ("a governmental body does not always insulate itself from [the Act's] application simply because less than a quorum of the parent body is present"). The Act also applies to committees and subcommittees that supervise and control the parent governmental body's public business or make recommendations that the governmental body routinely rubber-stamps. *See id.* at 478-79. Here, none of a commission's functions constitutes actual, delegated functions of a commissioners court. A commission's first function, to appoint a county elections administrator, has been delegated not

---

[2]An open records letter from this office, OR2001-3415, presumes that the Hidalgo County Election Commission is a governmental body subject to the Public Information Act, Government Code chapter 552. *See* Tex. Atty. Gen. OR2001-3415, at 2. A governmental body for purposes of the Public Information Act includes not only "a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality," but also "the part, section, or portion of [a] . . . commission . . . that spends or is supported in whole or in part by public funds." *See* TEX. GOV'T CODE ANN. § 552.003(1)(A)(iv), (xii) (Vernon 2004). Thus, the definitions of the phrase "governmental body" in the Act and the Public Information Act differ. *See* Tex. Att'y Gen. OR2001-3415, at 1-2.

[3]*See* Titus County Commissioners Court, http://www.co.titus.tx.us/comm_court/index.htm (on file with Opinion Committee).

by the commissioners court but by statute. Under the statute, only a commission may appoint a county elections administrator. *See* TEX. ELEC. CODE ANN. § 31.032(a) (Vernon 2003). Thus, the appointment of a county elections administrator is not a duty the commissioners court may perform. Similarly, the commissioners court did not delegate to the commission a duty to receive and act upon the county elections administrator's resignation because the receipt of a county elections administrator's resignation and action thereon is not within a commissioners court's authority; rather, the task is given by statute to a commission. *See id.* § 31.036. The commission's remaining function—to recommend the county elections administrator's termination to the commissioners court—is advisory in nature and does not, without evidence that the commissioners court rubber-stamps the commission's recommendation, compel the application of the Act to a county election commission. *See Willmann*, 123 S.W.3d at 479 (stating that a governmental body generally encompasses an entity with "the power to supervise or control public business"). Absent evidence that a particular commission's recommendations regarding termination of county elections administrators are routinely rubber-stamped, we conclude that a commission is not a county commissioners court or committee thereof for purposes of Government Code section 551.001(3)(B).

> **B.     Whether a Commission Is a Deliberative Body with Rulemaking or Quasi-judicial Power and Is Classified as a Department, Agency, or Political Subdivision of a County**

We consider next whether an election commission is a governmental body under subsection (D), "a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county." TEX. GOV'T CODE ANN. § 551.001(3)(D) (Vernon 2004). To be a governmental body under section 551.001(3)(D), an entity "in its organization and authority must have (1) rule-making power *or* (2) possess quasi-judicial power, *and* be classified as a department, agency, or political subdivision of a county or city." *City of Austin v. Evans*, 794 S.W.2d 78, 82 (Tex. App.–Austin 1990, no writ). Rulemaking power means the power to make rules. The state's Administrative Procedure Act, Government Code chapter 2001, which prescribes the process a state agency must follow in adopting rules and adjudicating contested cases, defines the term "rule" to mean:

> (A) . . . a state agency statement of general applicability that:
>
>> (i)   implements, interprets, or prescribes law or policy; or
>>
>> (ii)  describes the procedure or practice requirements of a state agency;
>
> (B)  includes the amendment or repeal of a prior rule; and
>
> (C)  does not include a statement regarding only the internal management or organization of a state agency and not affecting private rights or procedures.

TEX. GOV'T CODE ANN. § 2001.003(6) (Vernon 2000). Although the Administrative Procedure Act does not apply to a county election commission because a commission is not a state agency, the

Administrative Procedure Act's definition of "rule" is consistent with a previous statement of this office, defining rulemaking authority in general as "legislative in nature and involv[ing] broad policy considerations." Tex. Att'y Gen. Op. No. H-467 (1974) at 2; *cf. Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 23 (Mo. 2003) (concluding that an entity makes rules when it formulates a policy or interpretation that the entity "will apply in the future to all persons engaged in the regulated activity"); BLACK'S LAW DICTIONARY 1330, 1332 (7th ed. 1999) (defining "rule" and "rulemaking"). Quasi-judicial power means

> (1) the power to exercise judgment and discretion; (2) the power to hear and determine or to ascertain facts and decide; (3) the power to make binding orders and judgments; (4) the power to affect the personal or property rights of private persons; (5) the power to examine witnesses, to compel the attendance of witnesses, and to hear the litigation of issues on a hearing; and (6) the power to enforce decisions or impose penalties.

*Blankenship v. Brazos Higher Educ. Auth., Inc.*, 975 S.W.2d 353, 360 (Tex. App.–Waco 1998, pet. denied); *see also Evans*, 794 S.W.2d at 84 (determining that a municipal grievance committee, which cannot make a binding decision, does not have quasi-judicial power); Tex. Att'y Gen. Op. No. H-1154 (1978) at 2-3 (quoting Tex. Att'y Gen. Op. No. H-467 (1974) at 2) (stating that quasi-judicial power means the power to determine "the [legal] rights of one or more parties"). Section 551.001(3)(D)'s plain language requires that an entity possess either some rulemaking or some quasi-judicial power.

Thus, to be a governmental body subject to the Act under section 551.001(3)(D), the entity must

(1)  be deliberative,

(2)  have rulemaking or quasi-judicial power, and

(3)  be classified as a county or municipal department, agency, or political subdivision.

*See* TEX. GOV'T CODE ANN. § 551.001(3)(D) (Vernon 2004). An entity with no rulemaking or quasi-judicial power is not a governmental body under section 551.001(3)(D), Government Code.[4]

---

[4]To the extent Attorney General Opinions JC-0411, DM-426, MW-506, and Letter Opinion No. 95-036 suggest that additional standards may be used to determine whether an entity is a governmental body under section 551.001(3)(D), we modify them. Attorney General Opinion JC-0411, for example, determined that the Board of Trustees of the El Paso County Health Benefits Program's Risk Pool is a governmental body subject to the Act because the board exercises governmental authority on behalf of the county. *See* Tex. Att'y Gen. Op. No. JC-0411 (2001) at 2. Similarly, Attorney General Opinion LO-95-036 summarizes section 551.001(3)(D) as requiring that an entity (1) "have control over governmental action," and (2) "exercise delegated governmental powers," two requirements that are not directly tied to the statute's plain language. Tex. Att'y Gen. LO-95-036, at 5. Using this two-pronged analysis, LO-95-036

(continued...)

A county election commission does not have rulemaking or quasi-judicial power. Its sole authority is to select a county elections administrator and to then supervise the administrator to some degree, so that, if there is "good and sufficient cause," the commission may recommend to the commissioners court that the current county elections administrator be terminated. For this reason, we conclude that a county election commission is not a deliberative body with rulemaking or quasi-judicial power and is not a governmental body subject to the Act under section 551.001(3)(D).

## III.     Conclusion

Assuming that the county commissioners court does not routinely rubber-stamp its decisions, a county election commission is not a county commissioners court or a deliberative body with rulemaking or quasi-judicial powers. Accordingly, a commission is not a governmental body subject to the Act. A commission thus is not subject to the Act's public notice and posting requirements, although no law precludes a commission from voluntarily complying with these or any of the Act's other requirements.

---

[4](...continued)
concludes that an HIV health services planning council is a deliberative body with rulemaking or quasi-judicial powers and is subject to the Act. *See id.* Neither of these opinions framed their analyses in terms of considering whether the entities had rulemaking or quasi-judicial powers. *See also* Tex. Att'y Gen. Op. Nos. DM-426 (1996) at 2-3 (suggesting that a housing authority's power to acquire real property and issue bonds is a significant factor in determining whether a housing authority is a governmental body subject to the Act); MW-506 (1982) at 3 (indicating that a municipal firemen's pension and retirement fund board of trustees's power to receive, manage, and disburse funds is significant in determining whether the board is a governmental body subject to the Act).

We do not, however, question these opinions' conclusions that particular entities are governmental bodies. We simply point out that they mischaracterize section 551.001(3)(D).

## S U M M A R Y

Because a county election commission is not a county commissioners court, a committee thereof, or a deliberative body with rulemaking or quasi-judicial power, it is not a governmental body for purposes of Government Code section 551.001(3) as a matter of law. Accordingly, a county election commission need not comply with the Open Meetings Act's requirements.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee