ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 29, 2012

The Honorable Jaime E. Tijerina
Kenedy County Attorney
Post Office Box 202
Sarita, Texas 78385

Opinion No. GA-0939

Re: Whether a commissioners court may employ a county elections administrator to perform the duties of a 9-1-1 addressing agent and to assist in the preparation of redistricting maps (RQ-1023-GA)

Dear Mr. Tijerina:

You ask whether a commissioners court may employ a county elections administrator to perform the duties of a 9-1-1 addressing agent and to assist in the preparation of redistricting maps.[1]

A commissioners court "by written order may create the position of a county elections administrator for the county." TEX. ELEC. CODE ANN. § 31.031(a) (West 2010). You indicate that the Kenedy County Commissioners Court created the position of elections administrator on September 6, 2006. Request Letter at 2. Subsequently, the position of elections administrator was filled, pursuant to statute, by the county election commission. Id.; see TEX. ELEC. CODE ANN. § 31.032(a) (West 2010).[2] The duties of the elections administrator are prescribed by statute:

The county elections administrator shall perform:

(1) the duties and functions of the voter registrar;

(2) the duties and functions placed on the county clerk by [the Elections] code;

[1]Letter from Honorable Jaime E. Tijerina, Kenedy Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (Nov. 9, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter") (attached letter from Honorable Louis E. Turcotte, III, Kenedy County Judge) (on file with Op. Comm.).

[2]The county election commission consists of: "(1) the county judge, as chair; (2) the county clerk, as vice-chair; (3) the county tax assessor-collector, as secretary; and (4) the county chair of each political party that made nominations by primary election for the last general election for state and county officers preceding the date of the meeting at which the appointment is made." TEX. ELEC. CODE ANN. § 31.032 (West 2010).

(3) the duties and functions relating to elections that are placed on the county clerk by statutes outside this code, subject to Section 31.044;[3] and

(4) the duties and functions placed on the administrator under Sections 31.044 and 31.045.[4]

TEX. ELEC. CODE ANN. § 31.043 (West 2010) (footnotes added). You indicate that the commissioners court "has expressed a desire to hire" the elections administrator to perform the duties of the 9-1-1 addressing agent and inquire whether the elections administrator may be assigned those duties as well as duties involving the preparation of redistricting maps.[5] Request Letter at 2.

You first express concern about the possible incompatibility between the positions of county elections administrator and the assumption of the additional duties you describe. *Id.* at 3. In 1997, an appellate court held that a county elections administrator does not hold a public office. *See Krier v. Navarro*, 952 S.W.2d 25, 30 (Tex. App.—San Antonio 1997, pet. denied). When the potential incompatibility of the positions is analyzed, it is well established that both positions must be "offices" in order for the "conflicting loyalties" aspect of common-law incompatibility to be applicable. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0273 (2004) at 3.[6] Because neither the elections administrator nor the 9-1-1 addressing agent holds an "office," common-law incompatibility does not preclude one person from performing both sets of duties. Furthermore, no constitutional or statutory provision would appear to restrict a single individual from holding the two positions of elections administrator and 9-1-1 addressing agent.[7]

---

[3]Section 31.044 describes the division of duties between the county clerk and the county elections administrator. *See id.* § 31.044.

[4]Section 31.045 directs the Secretary of State to "adopt rules consistent with Sections 31.043 and 31.044 that classify the duties and functions placed on the county clerk by statutes outside [the Election] code according to whether they are to be performed by the county elections administrator or by the county clerk. *See id.* § 31.045.

[5]The position of "9-1-1 addressing coordinator" is provided for in the model agreement created by the Commission on State Emergency Communications for the use of regional planning commissions and Texas political subdivisions. *See generally* TEX. HEALTH & SAFETY CODE ANN. ch. 771 (West 2010 & Supp. 2011).

[6]There are three aspects of the common-law doctrine of incompatibility: self-appointment; self-employment; and conflicting loyalties. The "conflicting loyalties" aspect was first addressed in *Thomas v. Abernathy County Line Independent School District*, in which the court held that the offices of school trustee and city alderman are incompatible. *Thomas v. Abernathy Cnty. Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted); *see also* Tex. Att'y Gen. Op. No. GA-0350 (2005) at 4 (citing *Thomas* for the proposition that both positions must be offices for conflicting loyalties incompatibility to apply).

[7]Section 31.035 of the Election Code imposes restrictions on the political activities of a county elections administrator. For example, he may not be a candidate for public office or an office of a political party, hold a public office, or hold an office or position in a political party. TEX. ELEC. CODE ANN. § 31.035(a) (West 2010).

As we have noted, the duties of a county elections administrator are prescribed by statute. Under the generally recognized rules of construction, those duties appear to be exclusive. *See Lab. Corp. of Am. v. Compton*, 126 S.W.3d 196, 198 (Tex. App.—San Antonio 2003, pet. denied) ("the express mention of one person, thing, consequence or class is tantamount to the express exclusion of all others"). Thus, while the duties of a 9-1-1 addressing agent may not be assigned to the county elections administrator, we are aware of no provision of Texas law that would prohibit a county from hiring one individual for the two separate positions. A letter from the County Judge of Kenedy County indicates that the individual in question "is willing to start and end his work day prior to 8:00 a.m. and continue after 5:00 p.m. if necessary," in order to perform the duties of 9-1-1 addressing and map preparation. *See* Request Letter (attachment from County Judge). In such instance, a commissioners court may separately employ the individual serving as elections administrator to perform the duties of a 9-1-1 addressing agent. Furthermore, the "commissioners court shall set the amount of compensation . . . for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (West 2008).

We conclude that a commissioners court may employ the individual serving as county elections administrator to perform the duties of a 9-1-1 addressing agent and to assist in the preparation of redistricting maps. Because your question about the working hours during which the elections administrator may perform those duties is a matter for local determination, we do not address it.

## S U M M A R Y

A commissioners court may employ the individual serving as county elections administrator to perform the duties of a 9-1-1 addressing agent and to assist in the preparation of redistricting maps.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee