

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00745-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

**GREATER SAN ANTONIO BUILDERS ASSOCIATION** and Indian Springs, Ltd.,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-11580
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 22, 2013

AFFIRMED

This appeal of the trial court's order denying the City of San Antonio's plea to the jurisdiction arises from a suit seeking a declaratory judgment that the City's Fair Notice Ordinance is void.  In its plea, the City asserted that the plaintiffs, the Greater San Antonio Builders Association and Indian Springs, Ltd., lacked standing to pursue their declaratory judgment claim because no justiciable controversy existed.  We affirm the trial court's order.

**BACKGROUND AND PROCEDURAL HISTORY**

"Chapter 245 of the [Texas Local Government] Code recognizes a developer's vested rights and requires a regulatory agency to consider approval or disapproval of an application for a permit, such as a subdivision plat, based on regulations and ordinances in effect at the time the original application is filed." *Milestone Potranco Development, Ltd. v. City of San Antonio*, 298 S.W.3d 242, 248 (Tex. App.—San Antonio 2009, pet. denied). "The effect of vested rights under Chapter 245 of the Local Government Code is to 'freeze' the land use regulations as they existed at the time the first permit application was filed through completion of the 'project;' in other words, a project with vested rights is not subject to intervening regulations or changes after the vesting date." *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234, 245 (Tex. App.—San Antonio 2012, pet. denied). In 2005, the Texas Legislature amended Chapter 245 to include a provision which states that vested rights accrue "on the filing of an original application or plan for development or plat application that gives the regulatory agency fair notice of the project and the nature of the permit sought." TEX. LOC. GOV'T CODE ANN. § 245.002(a-1) (West 2005). After the passage of this amendment, the City of San Antonio adopted the Fair Notice Ordinance, which is an ordinance requiring a property owner to submit an application or form providing information on an existing or proposed project before the City will recognize the owner's vested rights. The ordinance took effect on February 16, 2006.

In July of 2006, the lawsuit in the underlying cause was filed by the Association and Indian Springs seeking a declaration that the Fair Notice Ordinance was void because it was preempted by and conflicted with Chapter 245. The Association and Indian Springs identified three categories of properties affected by the ordinance: (1) properties that had vested rights which had been acknowledged by the City; (2) properties that had vested rights which had not been formally acknowledged by the City; and (3) properties that did not have vested rights prior

to the adoption of the ordinance, but were subject to the ordinance's procedural requirements. The Association and Indian Springs first filed a motion for partial summary judgment seeking a declaration that the Fair Notice Ordinance was void as to the first two categories of properties. The trial court signed an order granting that motion on December 20, 2010. The Association and Indian Springs next filed a motion for partial summary judgment seeking a declaration that the ordinance was void as to the third category of properties. The trial court signed an order granting that motion on January 12, 2012.

On August 24, 2012, the City filed its plea to the jurisdiction challenging the standing of the Association and Indian Springs. The City's position was that no justiciable controversy existed because neither plaintiff had filed an actual application under the Fair Notice Ordinance on which adverse action was taken. The trial court denied the City's plea at a hearing on October 16, 2012. At the same hearing, the trial court resolved the issue of attorneys' fees relating to the declaratory relief previously granted and severed the orders granting the motions for partial summary judgment and awarding the attorneys' fees into a separate cause. The City has a separate appeal pending in this court relating to those orders.

**STANDARD OF REVIEW**

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 241. Subject matter jurisdiction is a question of law that we review de novo. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 241.

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the

jurisdictional issues raised, as the trial court is required to do." *Id*. at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id*. at 227-28. "However, if the relevant evidence is undisputed or fails to raise a fact issue on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id*. at 228.

### DISCUSSION

The purpose of the Uniform Declaratory Judgments Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2008). The Act "is to be liberally construed and administered." *Id*. The Act expressly provides, "A person … whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance … may have determined any question of construction or validity arising under the … statute [or] ordinance … and obtain a declaration of rights, status, or other legal relations thereunder." *Id*. at § 37.004(a).

"A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). "'To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute.'" *Id*. (quoting *Bexar-Medina-Atascosa Counties Water Control & Imp. Dist. No. 1 v. Medina Lake Protection Ass'n*, 640 S.W.2d 778, 779-80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)).

To have standing to challenge a statute or ordinance, "a plaintiff must first suffer some actual or threatened restriction under that statute" or ordinance. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.3d 504, 518 (Tex. 1995). "A person seeking a declaratory judgment need not have incurred actual injury." *Bexar Metropolitan Water Dist. v. City of Bulverde*, 156 S.W.3d

79, 88 (Tex. App.—Austin 2004, pet. denied). "Declaratory-judgment actions are intended to determine the rights of parties when a controversy has arisen, before any wrong has actually been committed, and are preventative in nature." *Id*. Standing exists when a threat of harm exists such that an injury is likely to occur. *Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000). However, "the threat must be 'direct and immediate' rather than conjectural, hypothetical, or remote." *Id*.

"An association may sue on behalf of its members when '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Tex. Workers' Comp. Comm'n*, 893 S.W.2d at 518 (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993)). Plaintiffs' Original Petition alleged that the Association's "members are persons, firms or other lawful entities who are concerned with issues affecting the real estate industry in the greater San Antonio area." The petition further alleged: (1) '[m]any of [the Association's] members would otherwise have standing to bring this lawsuit in their own right in that they are persons whose real property rights have been, or will be, affected adversely by the actions of" the City; (2) "the interests [the Association] seeks to protect by virtue of this lawsuit are germane to [the Association's] purposes;" and (3) "neither the claims asserted nor the relief sought by [the Association] require the participation of its individual members in this lawsuit." With regard to Indian Springs, the petition alleged that it is a property owner.

In its plea to the jurisdiction and in its brief, the City contends the Association and Indian Springs lack standing because they have not alleged or demonstrated that any project by any of its members has been denied the benefits of Chapter 245 or otherwise adversely affected by any administrative decision made under the Fair Notice Ordinance. The City further asserts the

allegation that the Fair Notice Ordinance impermissibly conflicts with Chapter 245 is a purely theoretical dispute. The City argues, "The correct method by which to raise a justiciable controversy is to have an actual permit applicant with an actual project make an actual complaint about the specifics of the form that the applicant claims are in conflict with Chapter 245."

The City's contentions appear to ignore the crux of the complaint being made by the Association and Indian Springs, which is that the requirement that they submit an application under the Fair Notice Ordinance in itself gives rise to an impermissible conflict with Chapter 245. Although the City argues that Chapter 245 gives it the authority to adopt applications like the form adopted under the Fair Notice Ordinance, this argument goes to the merits of the underlying cause and the relief requested, not to whether the trial court had subject matter jurisdiction to resolve the complaint.

This court has previously held that a plaintiff is not required to be a permit applicant to bring a declaratory judgment action under Chapter 245. *Rogers Shavano Ranch, Ltd.*, 383 S.W.3d at 244-45. In that case, we held that the plaintiffs' status as property owners claiming vested rights gave them standing to seek declaratory relief. *Id*. at 245. This court also has rejected the contention that a property owner must be issued or denied a permit by a city in order to have standing to sue for declaratory relief. *See Continental Homes of Tex., L.P. v. City of San Antonio*, 275 S.W.3d 9, 19-20 (Tex. App.—San Antonio 2008, pet. denied); *City of Helotes v. Miller*, 243 S.W.3d 704, 708-10 (Tex. App.—San Antonio 2007, no pet.). Based on these decisions, we reject the City's position that only an applicant who has submitted an application under the Fair Notice Ordinance would have standing to sue for declaratory relief before the person could "have determined any question of construction or validity arising under the … ordinance." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008).

At the hearing on the City's plea to the jurisdiction, an affidavit by Wm. Eugene Powell, a twenty-year member of the Association who also is a developer, was admitted into evidence. In his affidavit, Powell stated that the form promulgated for use with the Fair Notice Ordinance is a prerequisite to the City's acknowledgment of vested rights. Powell further stated, "It is the City of San Antonio's position that even if an owner had a 'permit,' as defined by Chapter 245, the City would require an owner to comply with the Fair Notice Ordinance before it would acknowledge such vested rights." Powell noted that the Fair Notice Form requires more information than would otherwise be required to be submitted to obtain a permit that would give rise to vested rights under Chapter 245.

In this case, the Association and Indian Springs have standing because a real and substantial controversy exists as to whether the requirements of the Fair Notice Ordinance conflict with Chapter 245 such that the very adoption of the application procedure is void. The City's threat to impose the requirements of the Fair Notice Ordinance as a prerequisite to acknowledging vested rights is direct and immediate. Moreover, section 37.004 of the Act "specifically authorizes a suit to construe [an ordinance] when an individual's rights, status, or other legal relations are affected by the [ordinance]." *Krier v. Navarro*, 952 S.W.2d 25, 28 (Tex. App.—San Antonio 1997, pet. denied). "The facts of the instant case fall squarely within these named categories." *Id*.

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice