

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 17, 2017

The Honorable Jo Anne Bernal
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. KP-0140

Re: Whether Texas election judges are required to take the oath of office prescribed by Texas Constitution article XVI, section 1 (RQ-0134-KP)

Dear Ms. Bernal:

The Texas Constitution requires all elected and appointed officers to take the official oath of office "before they enter upon the duties of their offices." TEX. CONST. art. XVI, § 1(a). An official taking the constitutional oath swears to faithfully execute the duties of the office and to preserve, protect, and defend the constitution and laws of Texas and the United States. *Id.* Before taking the oath, the official subscribes to a statement averring that the official has not paid or promised to pay a thing of value or promised employment in order to obtain the office. *Id.* § 1(b). You ask whether article XVI, section 1 of the Texas Constitution requires election judges, alternate judges, and early-voting clerks to take the constitutional oath of office.[1]

Article XVI, section 1 does not specifically enumerate the public officers who must take the constitutional oath of office. *See id.* In *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955), the Texas Supreme Court adopted standards for determining whether a person occupying a particular position is a public officer for constitutional purposes. *Id.* at 583. Under the *Aldine* standard, the "determining factor . . . is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Id.* at 583. Courts of appeals and this office rely on the *Aldine* standard to determine whether a person is a public officer required to take the constitutional oath of office under article XVI, section 1. *See, e.g., Prieto Bail Bonds v. State*, 994 S.W.2d 316, 318–20 (Tex. App.—El Paso 1999, pet. ref'd) (holding that senior judges are public officers required to take the constitutional oath); *Arredondo v. State*, 406 S.W.3d 300, 303–04 (Tex. App.—San Antonio 2013, pet. ref'd) (determining that county medical examiner was not a public officer required to take the constitutional oath); Tex. Att'y Gen. Op. No. GA-0365 (2005) at 4–5 (determining that the *Aldine* standard is the appropriate test to determine if an officeholder

---

[1]Letter from Honorable Jo Anne Bernal, El Paso Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 4, 2016), https://www. texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

is a public officer subject to article XVI, section 1). Accordingly, we examine the powers and duties of election judges, alternate election judges, and early-voting clerks.[2]

Chapter 32 of the Election Code generally governs election judges. *See* TEX. ELEC. CODE §§ 32.001–.115. The county commissioners court appoints a presiding election judge and an alternate for each election precinct in which an election is held. *Id.* §§ 32.001–.002.[3] Presiding election judges generally serve a one- or two-year term, although, in an emergency the commissioners court may appoint an election judge to serve for a single election. *Id.* §§ 32.002(b), .007(d). Presiding election judges are responsible for the management and conduct of the elections at their respective precinct polling places. *Id.* § 32.071. They appoint election clerks who assist the presiding judge, administer oaths, assign the election clerks duties, and control their working hours. *Id.* §§ 32.072, .074. The presiding judge must preserve order, prevent breaches of the peace, and prevent violations of the Election Code in and near the polling place. *Id.* § 32.075(a). An election judge may appoint a special peace officer to assist with these duties. *Id.* § 32.075(b). In performing these duties, the election judge "has the power of a district judge to enforce order and preserve the peace, including the power to issue an arrest warrant." *Id.* § 32.075(c). An alternate presiding judge and an early-voting clerk both have duties and powers generally equivalent to those of a presiding judge. *See id.* §§ 32.001(b) (the alternate presiding judge serves as presiding judge for an election when the regularly appointed presiding judge cannot serve), 83.001(c) (the early-voting clerk generally "has the same duties and authority with respect to early voting as a presiding election judge has with respect to regular voting").

As discussed above, an election judge is an appointed position created by the Legislature. Thus, whether election judges and others with the authority of an election judge must take the constitutional oath depends on whether they qualify as officers under the *Aldine* standard. Performing statutory duties in an election is a sovereign function, exercised for the benefit of the public. *See Krier v. Navarro*, 952 S.W.2d 25, 28–30 (Tex. App.—San Antonio 1997, writ denied) (stating that performing or supervising the performance of duties and functions for a county-wide election is a sovereign function conferring a public benefit); *Des Champ v. Featherston*, 886 S.W.2d 536, 540 (Tex. App.—Austin 1994, no writ) ("Elections are the ultimate expression of the sovereign will." (quotation marks omitted)). Additionally, the statutes give an election judge limited judicial authority, which is also a sovereign function. *See Prieto Bail Bonds*, 994 S.W.2d at 318–20 (determining that senior judges are appointed officials required to take the constitutional oath). Because an election judge exercises sovereign functions for the benefit of the public, the

---

[2]An early-voting clerk is an election official who has the same powers and duties with respect to early voting as a presiding election judge has with respect to regular voting. TEX. ELEC. CODE § 83.001(c). Distinct from the early-voting clerk are "election clerks," who are appointed by and work at the direction of the presiding election judge. *Id.* § 32.072(a), (c). Your questions do not concern these election clerks. *See* Request Letter at 3.

[3]Other county authorities and political subdivisions may appoint election judges for elections in which the county election precincts are not used. TEX. ELEC. CODE §§ 32.004–.005. Also, for a political party holding a primary election, the county chair of the party holding the election appoints the election judges for each precinct. *Id.* § 32.006(a).

remaining factor is whether an election judge exercises those functions "largely independent of the control of others." *Aldine*, 280 S.W.2d at 583.

Some of an election judge's duties may be routine and ministerial, but others require the exercise of independent discretion. An election judge's duty and authority to perform sovereign functions, albeit limited under the law, is not subject to the control of other officials. The State's chief election officer, the Secretary of State, provides advice and assistance to local election authorities such as an election judge but does not possess general authority to supervise an election judge's performance of the judge's statutory duties. *See* TEX. ELEC. CODE §§ 31.001(a) (designating Secretary of State as the State's chief election officer), .004 (requiring assistance and advice).[4] Further, the statutes do not give the entities that appoint election judges the authority to remove or supervise an election judge, so that an election judge exercises his or her statutory duties "largely independent of the control of others." *Aldine*, 280 S.W.2d at 583; *cf. Krier*, 952 S.W.2d at 29–30 (holding that because the position of county elections administrator could be created or abolished by the commissioners court and the administrator required the commissioners court's approval for many of the administrator's decisions, the county elections administrator was thus not a public officer for purposes of constitutional term limits). Thus, a court is likely to conclude that election judges, alternate election judges, and early-voting clerks exercise a sovereign function of government for the benefit of the public, largely independent of the control of others and, therefore, are officers subject to article XVI, section 1 of the Texas Constitution.

The Election Code requires that before the polls open, the election judge must take a statutory oath:

> I swear (or affirm) that I will not in any manner request or seek to persuade or induce any voter to vote for or against any candidate or measure to be voted on, and that I will faithfully perform my duty as an officer of the election and guard the purity of the election.

TEX. ELEC. CODE § 62.003(a). Briefing submitted to our office argues that this statutory oath is sufficient to bind an election judge's exercise of his or her powers for the common good, making any constitutional oath requirement unnecessary.[5] However, a statute cannot relieve a public officer of a constitutional duty. *See City of Fort Worth v. Howerton*, 236 S.W.2d 615, 618 (Tex. 1951) (stating that "the Legislature . . . does not have the power to repeal or amend the provisions of the Constitution").

---

[4]The Secretary of State provides general instructions, advice, and assistance to local election authorities but may intervene only in limited circumstances. *See e.g., id.* §§ 31.003–.004 (requiring the Secretary of State to provide advice and assistance to local election authorities such as an election judge, and to obtain and maintain uniformity and provide written instructions and directives), .005 (authorizing the Secretary of State to order an election authority to desist from impeding a citizen's exercise of voting rights and to seek judicial process to enforce the order); *see also id.* § 31.006(a) (authorizing the Secretary of State to refer criminal complaints to the Attorney General).

[5]*See* Brief from Lindsey Wolf, Gen. Counsel, Tex. Sec'y of State at 1–2 (Nov. 10, 2016) ("Brief") (on file with the Op. Comm.).

An oath in words substantially similar to the constitutional oath may suffice when any difference is "merely semantic." *In re Gen. Elec. Capital Corp.*, 63 S.W.3d 568, 571 (Tex. App.—El Paso 2001, [mand. denied]). However, the statutory oath and the constitutional oath are not functionally equivalent. Article XVI, section 1 provides in full:

> (a) All elected and appointed officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation:
>
> > "I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God."
>
> (b) All elected or appointed officers, before taking the Oath or Affirmation of office prescribed by this section and entering upon the duties of office, shall subscribe to the following statement:
>
> > "I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, promised to pay, contributed, or promised to contribute any money or thing of value, or promised any public office or employment for the giving or withholding of a vote at the election at which I was elected or as a reward to secure my appointment or confirmation, whichever the case may be, so help me God."
>
> (c) Members of the Legislature, the Secretary of State, and all other elected and appointed state officers shall file the signed statement required by Subsection (b) of this section with the Secretary of State before taking the Oath or Affirmation of office prescribed by Subsection (a) of this section. All other officers shall retain the signed statement required by Subsection (b) of this section with the official records of the office.

TEX. CONST. art. XVI, § 1. In contrast, the statutory oath specific to election judges and polling place election clerks, quoted above, requires them to swear that they will (1) refrain from attempting to influence voter's votes, (2) faithfully perform their election-officer duties, and (3) "guard the purity of the election." TEX. ELEC. CODE § 62.003(a). Unlike the constitutional oath, the statutory oath does not require the affiant to "preserve, protect, and defend the Constitution and laws of the United States and of this State," or include an anti-bribery statement. *Compare id., with* TEX. CONST. art. XVI, § 1. Although the courts have never addressed the question, they are unlikely to conclude that the statutory oath of section 62.003 of the Election Code satisfies the constitutional oath requirements. *Cf. Brown v. State*, 238 S.W.2d 787, 788 (Tex. Crim. App. 1950) (holding that an oath to perform the duties of a special judge "agreeably to the Constitution and laws of the United States and of this State" but did not include an obligation to "preserve, protect

and defend" the constitutions and laws did not satisfy the constitutional oath requirements). Rather, a court is likely to conclude that election judges, alternate election judges, and early-voting clerks are public officers and must take the constitutional oath of office under article XVI, section 1 of the Texas Constitution in addition to the statutory election officer's oath.[6]

We are aware that some election judges and similar officers may have performed their duties in past elections without taking the constitutional oath. *See* Brief at 1. The validity or results of an election may be challenged only in an election contest, initiated by petition filed not later than thirty days, and in some instances ten days, after an election. *See* TEX. ELEC. CODE § 232.008(b)–(c). An election contest determines whether the outcome shown by the final canvass was not the true outcome because illegal votes were counted or an election official prevented eligible voters from voting, failed to count legal votes, or engaged in other fraud, illegal conduct, or mistake. *Id.* § 221.003(a). "[T]he declared results of an election will be upheld in all cases except where there is clear and convincing evidence of an erroneous result." *Olsen v. Cooper*, 24 S.W.3d 608, 610 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Irregularities in the manner of holding an election "will not ordinarily invalidate an election, unless . . . such irregularities have affected or changed the results of the election." *Prado v. Johnson*, 625 S.W.2d 368, 369, 371 (Tex. Civ. App.—San Antonio 1981, writ dism'd) (holding that irregularities by election officials did not invalidate election where there was "no showing that those who served did not honestly and faithfully perform their duties without bias or favoritism"). Thus, the fact that an election official may have failed to take the required constitutional oath is unlikely to affect the results of the election in which the official served. *See Hunnicutt v. State ex rel. Witt*, 12 S.W. 106, 239 (Tex. 1889) (stating in an election case that voters of a precinct should not be disenfranchised even if the evidence showed that the selection of election officers was irregular, "that they had not been sworn at all, but that the election was fairly held"); *see also Gonzalez v. State*, 938 S.W.2d 482, 484 (Tex. App.—El Paso 1996, pet. ref'd); *Mitchell v. Jones*, 361 S.W.2d 224, 228 (Tex. Civ. App.—Texarkana 1962, no writ) (failure of person providing assistance to take statutorily required oath did not invalidate ballot); Tex. Att'y Gen. LO-96-056 (1996) at 2 (determining that an official who has not filed the statement required by article XVI, section 1 of the Texas Constitution may still be a de facto officer whose acts are valid with respect to third parties and the public).

---

[6]Other statutes also require an official to take an oath specific to the office in addition to the constitutional oath. *See, e.g.*, TEX. LOC. GOV'T CODE §§ 81.002(a) (requiring county judges and commissioners to "take the official oath and swear in writing" that the person will not be interested in certain contracts with or claims against the county), 84.007(b) (requiring a county auditor to take the official oath and an oath providing specific information); TEX. CIV. PRAC. & REM. CODE § 21.032 (requiring interpreter appointed to a county court at law to "take the constitutional oath of office and an oath that the interpreter will faithfully interpret all testimony given in court").

## S U M M A R Y

A court is likely to conclude that election judges, alternate election judges, and early-voting clerks are public officers and must take the constitutional oath of office under article XVI, section 1 of the Texas Constitution in addition to the statutory election officer's oath. The fact that an election judge, alternate election judge, or early-voting clerk may not have taken the constitutional oath is unlikely to affect the validity of a prior election.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee